SUNSHINE CONSOL. OIL CO. et al. v. PRE-
CHEL et al.  (No. 11262.)

(Court of Civil Appeals of Texas. Fort Worth. Nov. 22, 1924.)

1. Corporations ⚖=553(3)—Insolvency alone is not ground for appointment.

Insolvency alone is not sufficient ground for appointment of receiver for a corporation, under Rev. St. art. 2128.

2. Corporations ⚖=557(5)—Showing must be made that if receiver is not appointed, serious injury from handling company's property will result.

To justify appointment of receiver for corporation under Rev. St. art. 2128, showing must be made that in absence of appointment injury will result in consequence of handling corporation's property through its agents and representatives.

3. Corporations ⚖=557(2)—Petition held to contain no allegations justifying appointment of receiver.

Petition for appointment of receiver for corporation, containing no allegations of mismanagement or waste, nor allegation which suggested that receiver, if appointed, could manage and operate property more successfully than could corporation itself, held insufficient.

4. Evidence ⚖=20(1)—Common knowledge that operation of business at loss at times is necessary to keep it going.

It is common knowledge that in transaction of large business operation at temporary loss is often necessary to keep it going and to achieve successful results.

5. Receivers ⚖=32 — Allegation that business was being run at loss held pleader's conclusion.

Allegation in petition for appointment of receiver, that business was being run at a loss was mere pleader's conclusion.

6. Corporations ⚖=557(2)—Facts held insufficient to show corporation's insolvency.

Petition for appointment of receiver, which alleged certain indebtedness of corporation, but did not allege value of its assets, did not allege sufficient facts to show insolvency.

7. Receivers ⚖=35(1)—When receiver appointed in ex parte proceedings stated.

Receiver should not be appointed on ex parte hearing without giving defendant notice and opportunity to appear and answer application, except in cases of emergency which require immediate action to protect property from injury.

8. Corporations ⚖=558—Appointing plaintiff, a creditor and stockholder, as receiver held unlawful.

In suit by creditors and stockholders for appointment of receiver for corporation, appointment of one of plaintiffs as receiver was in violation of Rev. St. art. 2129.

9. Appeal and error ⚖=1043(4)—Error in appointing first receiver held harmless.

Where receiver appointed immediately tendered resignation, action of court in appointing first receiver would not of itself be ground for vacating appointment of second, as error in first appointment was harmless.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Suit by F. W. Prechel and others against the Sunshine Consolidated Oil Company and others. From judgments appointing a receiver for the defendant named, it appeals. Reversed, and receivership vacated.

Carrigan, Montgomery, Britain, Morgan & King, of Wichita Falls, for appellant.

C. B. Felder, of Wichita Falls, for appellees.

DUNKLIN, J. F. W. Prechel, L. F. Ramming, W. F. Ramming, and J. E. Wolf instituted this suit against the Sunshine Consolidated Oil Company, a corporation, and G. C. Jensen, H. M. Larkum, H. P. Tilden, and F. G. Keyes. In the petition plaintiff Wolf sought to recover a judgment against the defendant corporation as maker and against the other defendants and his coplaintiffs as indorsers on a promissory note, payable to him, for the principal sum of $18,000. The plaintiff Prechel sought a judgment against the defendant corporation as maker and against the other defendants and his coplaintiffs as indorsers on a promissory note, payable to him, for the principal sum of $9,582.39. The plaintiff W. F.

Ramming sought a judgment against the defendant corporation as maker and against the other defendants and his coplaintiffs as indorsers on a promissory note, payable to him, for the principal sum of $16,075.10. Plaintiff L. F. Ramming sought a judgment against the defendant corporation as maker and against the other defendants and his coplaintiffs as indorsers on a promissory note, payable to him, for the principal sum of $5,275.45. Plaintiff L. F. Ramming sought to recover of the defendant corporation upon a written obligation executed by that defendant as principal and by the other defendants and the other plaintiffs as sureties for the principal sum of $10,000. Plaintiff W. F. Ramming also sought to recover of the defendant corporation the principal sum of $6,908.72, on an account for services rendered and material furnished· by him to the corporation. Interest on all of said indebtedness was also claimed by each plaintiff respectively.

The petition prayed for the appointment of a receiver to take charge of all the property of defendant corporation, consisting of an oil refinery located in Wichita Falls, and a pipe line located in Wichita and Archer counties, a number of tank cars, automobiles, and other properties and accessories used by the defendant corporation in connection with its oil and oil-refining business, also all of the oil-producing lease owned by the corporation located in Wichita and Archer counties, together with divers nonproducing leases owned by the corporation located in various counties in North Texas.

As grounds for the appointment of a receiver, it was alleged that most of the tank cars owned by the corporation were covered by mortgages, and that all of the remainder of the property owned by the corporation is covered by two deeds of trust to secure the payment of approximately $205,000, and that the indebtedness of the corporation, the amount of which is not stated, is secured by first and second liens on all the property of the corporation. The petition also contains the following allegation:

"That said defendant corporation is now, and has been for some time, operating at a loss and the properties of the corporation are deteriorating; that by reason of the facts herein alleged, and the insolvency of said corporation, and of the other defendants as herein stated, the liabilities of said defendant corporation in effect become the liabilities of said four plaintiffs; that, in order to prevent further loss to said corporation and to said four plaintiffs, and to prevent further damage and waste, it is necessary for the protection of the creditors and stockholders of said corporation, and specially of the plaintiffs herein named, that this honorable court appoint a receiver to take all of the property and assets of said defendant corporation and to hold, manage, dispose of the same under the order and protection of this honorable court."

It was further alleged that the plaintiffs owned capital stock in the defendant corporation in different amounts, aggregating $202,230, out of a total capitalization of $890,305, and that the creditors of the corporation holding its obligations with plaintiffs' indorsement thereon are looking to them for payment.

The plaintiffs' petition was duly verified by them and presented to the judge of the district court, who immediately appointed plaintiff L. F. Ramming receiver of all of the property of the corporation. The bond of the receiver was fixed at $100,000, which was immediately given and approved by the judge.

A bill of exception is contained in the record from which it appears that the appointment of L. F. Ramming was made by the judge on the ex parte hearing of plaintiffs' application for the appointment of a receiver; that none of the defendants were present at the hearing, none of them had notice that the petition would be presented; that L. F. Ramming who was appointed receiver was one of the plaintiffs in the case, and that he qualified as such receiver on the 28th day of October, 1924, the same day he was appointed, and prior to the time that any of the defendants had notice of his appointment or of the application made therefor. It further appears in said bill of exception that on the following day, to wit, October 29, 1924, the defendant corporation filed an appeal bond to bring the case to this court by appeal, and to that end appeared in the district court where the receiver had been appointed and had the court to note its exception to the order already made appointing Ramming the receiver, and also to give notice of appeal. At or about the same time the receiver already appointed tendered his resignation as such, which was accepted by the court. The court then announced to counsel for the defendant corporation that, as there was opposition or objection to the appointment of a receiver, the court would at once have a hearing upon the question. In reply, counsel for the defendant corporation stated that he was only employed to appeal the case and to present his exception to the action already taken by the court, and give notice of appeal. Thereupon the court took under advisement the appointment of a successor to Mr. Ramming, and on the following day, October 30th, appointed G. D. Anderson receiver of all the defendant corporation's properties, to which action counsel for the defendant corporation again in open court excepted and gave notice of appeal from that order. Anderson then qualified as receiver by giving the oath and bond required of him by order of the court.

The defendant corporation has prosecuted this appeal from both of the orders so made, appointing Ramming receiver in the first place and Anderson as his successor.

As shown above, the sole ground for the ap-

pointment of a receiver was that the corporation was insolvent and was operating its business at a loss. Article 2128, Rev. Stats., reads as follows:

"Receivers may be appointed by any judge of a court of competent jurisdiction in this state, in the following cases: * * *

"(3) In cases where a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights.

"(4) In all other cases where receivers have heretofore been appointed by the usages of the court of equity."

[1-5] However, it has been well settled by the decisions of this state that insolvency alone is not a sufficient ground for the appointment of a receiver. Floore v. Morgan (Tex. Civ. App.) 175 S. W. 737, and authorities there cited; Espuela Land & Cattle Co. v. Bindle, 5 Tex. Civ. App. 18, 23 S. W. 819; Continental Trust Co. v. Brown (Tex. Civ. App.) 179 S. W. 939. In other words, in order to justify the appointment of a receiver a showing must be made that, in the absence of such an appointment, some serious injury will result in consequence of the handling of the property by the corporation through its duly constituted agents and representatives. The petition contains no allegation of mismanagement or waste. The mere fact that the business is being run at a loss does not necessarily imply mismanagement. It is a matter of common knowledge that in the vicissitudes of the transaction of a large business it often happens that the operation at a loss, temporarily, under some circumstances, is necessary in order to keep the business going, and to achieve successful results in the end; and the allegation that the business is being run at a loss is a mere conclusion of the pleader, with no allegation of fact to support it. The petition contains no allegation which even suggests that a receiver, appointed by the court and acting under its orders, can manage and operate the property more successfully than can the corporation itself.

[6] Furthermore, while the petition contains a conclusion that the corporation is insolvent, no sufficient facts are alleged to show such insolvency, and it has been held that in the absence of such allegation of fact the mere conclusion that the corporation is insolvent is not sufficient. While certain indebtedness of the corporation is alleged, there is no allegation as to the value of its assets. 14 Corpus Juris, p. 967.

[7] It has also been held that a receiver should not be appointed on an ex parte hearing without giving the defendant notice and an opportunity to appear and answer the application, except in cases of emergency which require an immediate action in order to protect the property from injury. In the present suit we fail to discover any such emergency as to warrant the appointment of a receiver in the first instance without giving the defendant corporation an opportunity to be heard, since it appears that the corporation maintained its office and principal place of business in the city of Wichita Falls, where the application for receiver was presented to the court; although, as shown by bill of exception, the court later, and before the appointment of the second receiver, offered to hear any exception from the defendants' counsel to the appointment of the second receiver. We make the foregoing observation by way of suggestion to trial judges who, as shown by our appellate court reports, frequently make such appointments on ex parte hearings. Cotton v. Rand (Tex. Civ. App.) 92 S. W. 267; Alto Cotton Oil & Mfg. Co. v. Berryman (Tex. Civ. App.) 218 S. W. 513.

[8, 9] The appointment of one of the plaintiffs in the case as receiver was clearly in violation of article 2129, Revised Statutes. However, as shown already, the receiver immediately tendered his resignation and the action of the court in appointing him would not of itself be ground for vacating the appointment of the second receiver, since the error in the first appointment was clearly harmless.

We shall not consider the question of misjoinder of parties or of causes of action which is presented in appellants' briefs, since that question was not passed on by the trial court and not raised in that court. If hereafter it is presented, it must be presumed that the trial court will correctly determine it.

We have considered both appeals taken in this cause and have reached the conclusion that, as against a general demurrer, the petition failed to present a sufficient showing for the appointment of a receiver, and therefore it is unnecessary for us to determine whether or not the court lost jurisdiction to appoint the second receiver after appellant had filed his appeal bond and given notice of appeal from the order appointing the first receiver.

For the reasons stated, the judgment of the trial court appointing G. D. Anderson receiver, which was the second appointment, is reversed and said order of appointment is hereby set aside and said receivership vacated.