The FIRST NATIONAL BANK OF GILMER, Texas, Appellant,

v.

FIRST STATE BANK OF HAWKINS, Texas and Citizens First State Bank of Paris, Texas, Appellees.

No. 7988.

Court of Civil Appeals of Texas, Texarkana.

April 28, 1970.

Rehearing Denied June 2, 1970.

Hollie G. McClain, Gilmer, for appellant.

Charles Clark, Tyler, Robert McWhirter, Paris, for appellees.

CHADICK, Chief Justice.

This appeal is concerned with proceedings in a receivership ancillary to a suit for debt and foreclosure of a chattel mortgage lien. Pursuant to pleading a

temporary receivership was ordered naming A. B. Poole as receiver, and on May 5, 1967, the receivership was made permanent; no appeal was perfected from either order. Following the permanent receivership the First State Bank of Hawkins, Texas, intervened, and soon thereafter by written motion prayed that A. B. Poole be removed as receiver and that a successor receiver be appointed. In response to the motion and after notice and hearing an order signed the 17th day of October, 1967, removed A. B. Poole as receiver and appointed a successor to him. Mr. Poole was ordered to pay and deliver all funds or property held by him as receiver to his successor. From this October 17th order The First National Bank of Gilmer, Texas, has appealed to this court.

Two Texas Civil Appeals Courts, considering language in a predecessor statute that is identical with that of the first section of the present statute * governing appeals from interlocutory orders in receivership proceeding, concluded an order appointing a successor to a permanent receiver is not appealable. McFarlane v. Greenameyer, 199 S.W. 304 (Tex.Civ. App. Galveston 1917, no writ); American Nat. Ins. Co. v. Valley Reservoir & Canal Co., 209 S.W. 438 (Tex.Civ.App. San Antonio 1919, writ ref'd). These cases are in harmony with out of state decisions. Anno: Order as to Receiver-Appealability, 72 A.L.R.2d §§ 7 and 14. See also Benningfield v. Benningfield, 155 S.W.2d 827 (Tex. Civ.App. Austin 1941, no writ). No Texas case has been found that runs counter to the two cases first cited. The twenty day time limit for appeal in the statute considered in McFarlane is also identical with the limit now prescribed in interlocutory judgment cases. Tex.R.Civ.P. 385 (1967). The purpose of the statute, it is reasoned in McFarlane, is to afford a test forthwith of the validity of an order depriving a party

of possession of property in a receivership case on compliance with statutory time limits. The case points out that removal of a permanent receiver affects only the person so appointed; the necessity for a receiver in a case and the performance of a receiver's duties remains unchanged. And the opinion concludes that if an appeal would lie when a successor was appointed to a receiver who died, resigned, or was removed, expeditious receivership administration would be seriously impaired and possibly defeated. This construction of the statute appears sound and is adopted.

The motion of First State Bank of Hawkins, Texas, to dismiss the appeal is granted, and it is so ordered.

---

* Currently Vernon's Ann.Tex.Rev.Civ.Stat. Ann. art 2250 provides that:
    "An appeal shall lie from an interlocutory order of the District, County Court at Law, or County Court:

1. Appointing a receiver or trustee in any cause.
2. Overruling a motion to vacate an order appointing a receiver or trustee in any case."