**Judy Cox SWATE, Appellant,**

v.

**Cheryle R. JOHNSTON, Appellee.**

**In re Judy Cox Swate, Relator.**

Nos. 01–98–00009–CV, 01–98–00468–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 19, 1998.

---

Shawn Casey, Houston, for Appellant.

Cheryle R. Johnson, Houston, for Appellee.

Before Justices MIRABAL, O'CONNOR, and NUCHIA.

## OPINION

MIRABAL, Justice.

Appellant Judy Cox Swate filed an appeal from an interlocutory order appointing appellee Cheryle R. Johnston, over Swate's objection, as a successor receiver. Johnston filed a motion to dismiss the appeal for lack of jurisdiction, and Swate responded with a petition for writ of mandamus attacking the same order. We granted Swate's motion to consider the two proceedings together. We dismiss the appeal for want of jurisdiction, and we deny the petition for mandamus.

### Facts

On February 18, 1992, the trial court signed a post-divorce judgment against Tommy E. Swate (Husband) in favor of Dian Hartwell (Wife I) in the approximate amount of $600,000. Wife I filed an "Application for Turnover after Judgment." On July 24, 1992, the trial court signed an order appointing John Eikenburg as a receiver "pursuant to the Texas Turnover Statute with the power and authority to take possession of all nonexempt property, real and personal, of Tommy E. Swate." John Eikenburg served as a receiver under the court's order for more than five years, until his death on October 2, 1997.

Eikenburg & Stiles, the firm of which John Eikenburg was formerly senior partner, and Cheryle R. Johnston, an attorney who had worked on the receivership with Eikenburg, jointly moved the trial court to appoint Johnston as a successor receiver. The motion recites that "Johnston has possession of the records collected by John J. Eikenburg as Receiver, and she has worked on this Receivership and is familiar with its facts." Wife I agreed that Johnston should be appointed successor receiver.

An objection to the motion for appointment of Johnston as successor receiver was filed by appellant/relator Judy Cox Swate (Wife II). Wife II is also divorced from Tommy Swate, and Receiver Eikenburg had asserted claims to certain assets claimed by Wife II, arguing they were actually assets belonging to Tommy Swate subject to the turnover order.

After an evidentiary hearing, the trial court overruled Wife II's objection and appointed Johnston as the Successor Receiver.

## Appeal

■ Wife II attempts to appeal under the authority of TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(1) (Vernon Supp.1998), which provides for an interlocutory appeal of an order appointing a receiver. However, Texas courts have consistently held, when construing predecessor statutes with identical language, that an interlocutory order appointing a *successor* to a permanent receiver is not appealable. *First Nat'l Bank of Gilmer v. First State Bank of Hawkins,* 456 S.W.2d 173, 174 (Tex.Civ.App.—Texarkana 1970, writ dism'd); *Benningfield v. Benningfield,* 155 S.W.2d 827, 828 (Tex.Civ.App.—Austin 1941, no writ); *American Nat'l Ins. Co. v. Valley Reservoir & Canal Co.,* 209 S.W. 438, 440 (Tex.Civ.App.—San Antonio 1919, writ ref'd); *McFarlane v. Greenameyer,* 199 S.W. 304, 305 (Tex.Civ.App.—Galveston 1917, no writ). In a case dealing with a slightly different issue, this Court recently expressly stated that we agree with the reasoning in *McFarlane* and *Benningfield. See Sclafani v. Sclafani,* 870 S.W.2d 608, 611 (Tex.App.—Houston [1st Dist.] 1993, writ denied).

Accordingly, we grant Johnston's motion to dismiss Wife II's appeal for want of jurisdiction.

## Mandamus

■ In appropriate cases, mandamus is a proper remedy to challenge interlocutory orders not subject to appeal. *Dancy v. Daggett,* 815 S.W.2d 548, 549 (Tex.1991) (orig.proceeding); *Normand v. Fox,* 940 S.W.2d 401, 404 (Tex.App.—Waco 1997, no writ). Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding).

■ Wife II first argues that Johnston is disqualified to be a successor receiver under TEX. CIV. PRAC. & REM.CODE ANN. § 64.021(a)(2) (Vernon 1997), which provides:

(a) To be appointed as a receiver for property that is located entirely or partly in this state, a person must:

* * *

(2) not be a party, attorney, or other person interested in the action for appointment of a receiver.

Wife II asserts that Johnston, having been the attorney of record for Receiver Eikenburg, is an "attorney interested in the action for appointment of a receiver," and therefore is disqualified as a matter of law. The trial court expressly rejected Wife II's argument, stating in the order of appointment, "Pursuant to [TEX. CIV. PRAC. & REM.CODE ANN.] § 64.021, Cheryle R. Johnston is not disqualified from serving as Receiver in this case." We agree with the trial court.

The statute disqualifies a party or an attorney "interested in the action for appointment of a receiver." In the present case, the "parties" to the action for appointment of a receiver were plaintiff Wife I and Tommy Swate, the debtor/husband/defendant. The parties and the attorneys for the parties would clearly be disqualified from being appointed a receiver. *See Chemical Eng'g Servs., Inc. v. Tomlinson,* 750 S.W.2d 375 (Tex.App.—Beaumont 1988, no writ) (individual who brought action against defendant company was an interested party who could not be appointed as a receiver); *Harmon v. Schoelpple,* 730 S.W.2d 376, 378–79 (Tex.App.—Houston [14th Dist.] 1987, no writ) (abuse of discretion to appoint wife as receiver when she was a party to action pursuant to which receivership arose); *O'Ferral v. Coolidge,* 149 Tex. 61, 228 S.W.2d 146, 149–50 (Tex.1950) (appointment of attorney, who represented plaintiff, as a receiver was in violation of statute); *Sunshine Consol. Oil Co. v. Prechel,* 268 S.W. 1051, 1053 (Tex.Civ.App.—Fort Worth 1924, no writ) (in suit by creditors and stockholders for appointment of receiver for corporation, appointment of one of plaintiffs as receiver was in violation of statute).

Eikenburg, the appointed receiver, was clearly not a "party or other person interested in the action for appointment of a receiv-

er" within the meaning of the statute. Likewise, the attorney for the appointed receiver was not an "attorney interested in the action for appointment of a receiver" within the meaning of the statute.[1]

We conclude the trial court did not abuse its discretion when it ruled that Johnston is not disqualified from serving as a successor receiver under section 64.021(a)(2).

■ Wife II next argues that the State Bar rules[2] preclude Johnston from being appointed successor receiver because her role will change from "advocate for the receiver" to "receiver," from "advocate for a client" to "client." According to Wife II, the harm in this is that Johnston is now "in the position of becoming a party and a fact witness in proceedings to which her prior role was solely that of an advocate."

Again, we stress that the receiver is not a "party" to the action for appointment of a receiver. There is nothing in the record to indicate Johnston may become a fact witness in the case. Thus, the trial court did not abuse its discretion in concluding Wife II's objections based on the State Bar rules were without merit.

We deny Wife II's petition for writ of mandamus.

All pending motions are also denied.

---

1. Wife II argues that the mere fact the attorney for the receiver earns attorney's fees for her services disqualifies her from appointment as successor receiver. Such an argument would indicate that the receiver, once he earned fees payable from the assets of the receivership, would also become disqualified because of his interest in the receivership. We do not construe the statute to have such an effect.

2. Tex. Disciplinary R. Prof'l Conduct 1.05 & 3.08, reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon 1998).