Order issued July 23, 2004








            



In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-00797-CV
____________

J. MICHAEL EPSTEIN, INDIVIDUALLY AND AS REMOVED TRUSTEE
UNDER THE WILL OF JULIUS EPSTEIN, Appellant

V.

JOHN A. HUTCHISON III, SUCCESSOR GUARDIAN OF THE ESTATE
OF ALTA EPSTEIN, AN INCAPACITATED PERSON, Appellee
 

 
 
On Appeal from Probate Court No. 2
Harris County, Texas
Trial Court Cause No. 233,112-401
 

 


MEMORANDUM OPINION

          Appellant, J. Michael Epstein (“Michael”), appeals from six interlocutory
orders. Michael has moved this Court to consider five of the six orders under Rule
of Appellate Procedure 29.6. See Tex. R. App. P. 29.6(a)(2). Appellee, John A.
Hutchison III, has responded to Michael’s motion and moved to dismiss the appeal. 
Michael has responded to Hutchison’s motion to dismiss the appeal.

          Michael sued Alta J. Epstein (“Alta”), his mother, alleging that she had
committed various wrongful acts as trustee of testamentary trusts established under
the will of Julius Epstein, Michael’s father and Alta’s husband. Alta was later
declared incapacitated. Michael became the sole trustee of the testamentary trusts. 
Appellee, John A. Hutchison, became the guardian of Alta’s estate. 

          Hutchison filed a counterclaim against Michael, accusing him of improperly
having withheld disbursements to Alta from the trusts and requesting his removal as
trustee. Upon Hutchison’s motion for partial summary judgment, the trial court
removed Michael as trustee and, by separate order, appointed Howard Reiner as
successor trustee.

          Michael’s notice of interlocutory appeal specifies six orders:

1.Order granting Hutchison’s motion for leave to file additional
materials (June 24, 2003);

 
2.Order granting in part and denying in part Hutchison’s objections
to Michael’s affidavits (June 24, 2003);

 
3.Order granting Hutchison’s motion for partial summary judgment
and removing Michael as trustee (July 1, 2003);

 
4.Order appointing successor trustee and granting other relief (July
23, 2003);

 
5.Order overruling Michael’s special exceptions to Hutchison’s first
supplemental counterclaim (July 23, 2003);

 
6.Order denying Michael’s motion to strike hearing (July 23, 2003).



Hutchison moves for dismissal of Michael’s appeal from each of the six orders.

A.      July 23 Order Appointing Reiner as Successor Trustee

          Hutchison first challenges our jurisdiction to consider Michael’s appeal from
the order appointing Reiner as successor trustee. 

          For one to appeal an order in a probate matter, it is not always necessary that
the order finally and fully dispose of the entire probate proceeding. See Crowson v.
Wakeham, 897 S.W.2d 779, 783 (Tex. 1995). Rather, when a probate order finally
disposes of, or is conclusive on, the issue for which that particular part of the probate
proceeding was brought, the order is final and appealable. See id. Conversely, “if
there is a [probate-court] proceeding of which the order in question may logically be
considered a part, but one or more pleadings also part of that proceeding raise issues
or parties not disposed of, then the probate order is interlocutory.” Id. Here, the
proceeding of which the order may logically be considered a part is at least the matter
raised by Hutchison’s counterclaim, if not also Michael’s suit against his mother for
breach of her fiduciary duties and accounting. The counterclaim sought damages for
Michael’s breach of fiduciary duties toward Alta for withholding trust distributions
from her, demanded an accounting for the trusts, sought removal of Michael as trustee
and appointment of a successor trustee, sought declaratory judgment that Alta
properly administered Julius’s estate and breached no fiduciary duties, sought
reimbursement and set-off for funds that Alta had expended for the benefit of the
trusts or the properties claimed by the trusts, sought an injunction requiring that
distributions be made to Alta, and sought attorney’s fees for Alta’s guardian. The
order appointing a successor trustee adjudicated only some of the issues and claims
asserted in Hutchison’s counterclaim, and it adjudicated none of Michael’s claims.
Because the order appointing successor trustee did not dispose of all of the issues
involved in the particular proceeding, the order was interlocutory.

          “Generally, we have jurisdiction to hear an appeal from an interlocutory order
only if a statute explicitly makes the order appealable.” Ahmed v. Shimi Ventures, 99
S.W.3d 682, 688 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (citing Stary v.
DeBord, 967 S.W.2d 352, 352-53 (Tex. 1998)); cf. Crowson, 897 S.W.2d at 783 (“If
there is an express statute . . . declaring the phase of the probate proceedings to be
final and appealable, that statute controls.”). Michael argues that we have jurisdiction
to review this interlocutory order because it “appoints a receiver or trustee.” Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a)(1) (Vernon Supp. 2004). “A person may
appeal from an interlocutory order of a district court, county court at law, or county
court that: (1) appoints a receiver or trustee. . . .” Id. 

          Hutchison argues, among other things, that section 51.014(a)(1) does not apply
to an order appointing a successor trustee. We agree. This court has previously held
that section 51.014(a)(1) does not apply to successor receivers. See Swate v.
Johnston, 981 S.W.2d 923, 925 (Tex. App.—Houston [1st Dist.] 1998, no pet.)
(“Texas courts have consistently held, when construing predecessor statutes with
identical language, that an interlocutory order appointing a successor to a permanent
receiver is not appealable.”) (citations omitted). The Amarillo Court of Appeals has
followed our reasoning in Swate to reach the same conclusion regarding successor
trustees. See In re Estate of Dillard, No. 07-00-0504-CV, 2001 WL 139082, at *2
(Tex. App.—Amarillo Feb. 5, 2001, no pet.) (not designated for publication)
(following our reasoning in Swate to hold that section 51.014(a) does not allow
appeals of order appointing successor trustee). Section 51.014(a)(1) mentions only
trustees and receivers, rather than successor trustees and receivers. See Tex. Civ.
Prac. & Rem. Code Ann. § 51.014(a)(1). The holdings in Swate and Dillard thus
comport with the rule that we must strictly construe statutes that grant jurisdiction to
review interlocutory orders because such statutes create a narrow exception to the
general rule that only final judgments are appealable. See Ahmed, 99 S.W.3d at 688.

          Michael responds that the July 23 order appointing Reiner as successor trustee
was tantamount to an initial order appointing a trustee because it was the first court
order concerning appointment of a trustee. The record shows that Michael became
trustee under the testamentary trust’s terms, not by court order, and that the first order
concerning the appointment of any trustee was the court’s July 23 order appointing
Reiner as Michael’s successor. However, the July 23 order was still one appointing
a successor trustee, not one appointing an initial trustee. This was the exact situation
before the Dillard court, and it nonetheless held that no appellate jurisdiction lay over
the order appointing successor trustee. See Dillard, 2001 WL 139082, at *2. Michael
points to no authority to the contrary.

          We hold that 51.014(a)(1) does not allow interlocutory appeal of an order
appointing a successor trustee. See Dillard, 2001 WL 139082, at *2; see also Swate,
981 S.W.2d at 925. Accordingly, we hold that we lack subject-matter jurisdiction
over Michael’s interlocutory appeal of the order appointing Reiner as successor
trustee. See id. 

B.      The Remaining Five Orders

          Hutchison next challenges our jurisdiction to review the five remaining orders
that Michael appeals. Although Michael admits that the five orders are not
appealable under section 51.014, he argues that we can nonetheless review them
under Rule of Appellate Procedure 29.6, which states:

(a)While an appeal from an interlocutory order is pending, on a
party’s motion or on the appellate court’s own initiative, the appellate
court may review the following:

 
(1)a further appealable interlocutory order concerning the
same subject matter; and

 
(2)any interlocutory order that interferes with or impairs the
effectiveness of the relief sought or that may be granted on appeal.



Tex. R. App. P. 29.6(a). Michael appears to be relying on rule 29.6(a)(2), reasoning
that the allegedly “erroneous” rulings would “impair the effectiveness of the relief”
that we could grant if we reverse the order appointing Reiner as successor trustee. 
Michael is thus arguing that we must consider the five additional rulings along with
the order appointing Reiner as successor trustee.

          Having held that we have no jurisdiction to consider the July 23 order
appointing Reiner as successor trustee, we conclude that we have no jurisdiction over
the remaining orders of which Michael complains because none of them could
“impair the effectiveness of the relief sought or that may be granted on appeal” of the
successor-trustee order. See Tex. R. App. P. 29.6(a)(2). Simply put, no trial court
order can impair our granting relief that we have no jurisdiction to grant in the first
place.

 
          Accordingly, we grant Hutchison’s motion to dismiss the appeal, we deny
Michael’s motion under rule 29.6, we dismiss Michael’s appeal, and we overrule any
other pending motions as moot. See Tex. R. App. P. 42.3.

          It is so ORDERED.

 
PER CURIAM

Panel consists of Judges Taft, Jennings, and Hanks.