TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00312-CV






Dr. Glenn Martin Haluska, Individually and as Trustee of the Carolyn Ann Saylor
Haluska Spouse's Trust and the Carolyn Ann Saylor Haluska Family Trust, Appellant


v.


Elizabeth Ann Haluska-Rausch and William Andrew Haluska, Appellees






FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY

NO. C-1-PB-10-001523, HONORABLE GUY S. HERMAN, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellees William Andrew Haluska and Elizabeth Haluska-Rausch ("the Haluska
children") have filed a motion to dismiss the appeal, arguing that it is interlocutory and does not fall
within any exceptions to the general rule that appeals may only be taken from final judgments. We
agree and dismiss the appeal for want of jurisdiction.

 This case arises out of a suit filed by the Haluska children against their father,
appellant Dr. Glenn Haluska ("Glenn"), seeking to have him removed as trustee of two trusts created
by their mother in her last will and testament. The Haluska children alleged that Glenn had breached
his fiduciary duties owed as trustee. They sought to have Glenn removed, to be appointed as
successor co-trustees, and to recover attorney's fees under the Texas Trust Code. The trial court
signed an order "granting plaintiffs' motion for partial summary judgment," which removed Glenn
as trustee and appointed the Haluska children as successor co-trustees. The order did not address
the Haluska children's claim for attorney's fees. Glenn filed a notice of accelerated appeal, stating
that section 51.014(a)(1) of the civil practice and remedies code "authorizes an accelerated appeal
from an interlocutory order 'appointing a trustee.'" See Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(a)(1) (West 2008). Several months later, the trial court held a hearing and heard argument
from the parties about whether the Haluska children had improperly administered the trusts' accounts
or had "shown an inability to administer financial matters." In response, the trial court signed
another order appointing an "interim trustee."

 The Haluska children contend in their motion to dismiss that they did not seek and
the trial court did not grant summary judgment on their claim for attorney's fees and, therefore, an
issue remains live in the trial court. They further argue that although section 51.014(a)(1) allows for
an interlocutory appeal from an order appointing an original trustee, it does not permit an
interlocutory appeal from an order appointing a successor trustee. Glenn responds that the order
addressed the Haluska children's substantive claims, which sought his removal and their
appointment. Because the only issue remaining is for attorney's fees, he argues, we should consider
the trial court's order to be final and appealable. He further argues that even if the order is
interlocutory, section 51.014 and the probate code allow for the appeal.

 In McNally v. Guevara, the supreme court examined whether a document entitled
"judgment," which granted the defendants' motion for summary judgment "in all things" and
awarded costs against the plaintiff, should be considered final and appealable. 52 S.W.3d 195, 195-96
(Tex. 2001). The motion for summary judgment addressed only the defendants' counterclaim for
an easement and did not address their claim for attorney's fees; the court's conclusion that the
defendants should prevail on their easement claim necessarily addressed the plaintiff's original
claim. See id. The court stated that nothing in the judgment, other than the costs award, suggested
that the trial court "intended to deny the defendants' claim for attorney's fees," and concluded,
"[b]ecause the judgment does not appear final on its face, and because it did not dispose of the
defendants' claim for attorney fees, it was not an appealable judgment." Id. at 196.

 The order here is very similar. It is captioned, "Order Granting Plaintiffs' Motion for
Partial Summary Judgment," it does not address the Haluska children's claim for attorney's fees, and
does not contain any language showing that the trial court intended the order to be final and
appealable. See id. We conclude that the order Glenn seeks to appeal is interlocutory, and thus can
only be appealed if it falls within section 51.014 or another exception. (1)

 Section 51.014(a)(1) allows for an interlocutory appeal from an order that "appoints
a receiver or trustee." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a). Courts that have addressed
the issue of whether this provision encompasses orders appointing successor receivers or trustees
have concluded that it does not, reasoning that appellate courts must strictly construe statutes
granting jurisdiction over interlocutory appeals. See Epstein v. Hutchinson, No. 01-03-00797-CV,
2004 Tex. App. LEXIS 6899, at *6 (Tex. App.--Houston [1st Dist.] July 23, 2004, pet. denied)
(mem. op.) (citing Ahmed v. Shimi Ventures, L.P., 99 S.W.3d 682, 688 (Tex. App.--Houston
[1st Dist.] 2003, no pet.)); In re Estate of Dillard, No. 07-00-00504-CV, 2001 Tex. App. LEXIS 775,
at *4 (Tex. App.--Amarillo Feb. 5, 2001, no pet.) (not designated for publication) ("Although the
appointment of a trustee is an appealable interlocutory order pursuant to section 51.014(a)(1), the
grandchildren note that an order appointing a successor trustee, as here, is not appealable under
section 51.014(a)."); Swate v. Johnston, 981 S.W.2d 923, 925 (Tex. App.--Houston [1st Dist.] 1998,
no pet.) ("Texas courts have consistently held, when construing predecessor statutes with identical
language, that an interlocutory order appointing a successor to a permanent receiver is not
appealable."). (2) Thus, section 51.014(a)(1) does not bestow jurisdiction over this appeal.

 Finally, we address Glenn's argument that this should be considered an appealable
order because it disposes of all the issues in a particular phase of a probate proceeding. See Logan v.
McDaniel, 21 S.W.3d 683, 688 (Tex. App.--Austin 2000, pet. denied) (quoting Crowson v.
Wakeham, 897 S.W.2d 779, 783 (Tex. 1995)). In most kinds of trial proceedings, there is only one
final order or judgment rendered. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 192 (Tex. 2001).
Probate proceedings are an exception to this general rule because a probate court must make a series
of decisions throughout the administration of an estate. See Logan, 21 S.W.3d at 688. However,
that exception does not apply here. First, this proceeding concerns the administration of trusts and
could have been brought in the district court as well as the probate court. See Tex. Prop. Code Ann.
§ 115.001 (West Supp. 2011). Second, even if the probate exception applied to this cause, the orders
in place have not disposed of all of the issues raised by the children. See Logan, 21 S.W.3d at 688. 
The children sought Glenn's removal, their appointment, and attorney's fees. As the case stands
now, the trial court has removed Glenn and appointed an interim trustee, leaving the children named
as trustees but without the actual authority to act as trustees; the issue of attorney's fees has not been
addressed. Thus, even if the probate exception to the one-judgment rule applied here, the court has
not rendered a judgment disposing of all of the issues raised in this "phase" of the proceeding. See
Caroom v. Coleman, No. 03-10-00837-CV (Tex. App.--Austin July 22, 2011, n.p.h.). Thus, we
may not exercise jurisdiction under the probate exception to the one-judgment rule.

 Because the order is interlocutory, not final and appealable, and because section
51.014(a)(1) does not permit us to exercise jurisdiction from interlocutory appeals of orders
appointing successor trustees or receivers, we must dismiss the appeal for want of jurisdiction.


 __________________________________________

 David Puryear, Justice

Before Justices Puryear, Henson and Goodwin

Dismissed for Want of Jurisdiction

Filed: January 24, 2012
1. Our conclusion is further bolstered by the court's later order appointing an interim trustee
to sort out whether the children had mismanaged the trusts since being named successor trustees.
2. See also First Nat'l Bank v. First State Bank, 456 S.W.2d 173, 174 (Tex. Civ.
App.--Texarkana 1970, writ dism'd) ("Two Texas Civil Appeals Courts, considering language in
a predecessor statute that is identical with that of the first section of the present statute governing
appeals from interlocutory orders in receivership proceeding, concluded an order appointing a
successor to a permanent receiver is not appealable."); Benningfield v. Benningfield, 155 S.W.2d 827,
828 (Tex. Civ. App.--Austin 1941, no writ) ("the right of appeal is given to test the validity of the
[original] order taking custody of the property by a receiver, not the propriety of the particular
selection of the receiver so appointed").