# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00312-CV

**Dr. Glenn Martin Haluska, Individually and as Trustee of the Carolyn Ann Saylor Haluska Spouse's Trust and the Carolyn Ann Saylor Haluska Family Trust, Appellant**

**v.**

**Elizabeth Ann Haluska-Rausch and William Andrew Haluska, Appellees**

---

### FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY
### NO. C-1-PB-10-001523, HONORABLE GUY S. HERMAN, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellees William Andrew Haluska and Elizabeth Haluska-Rausch ("the Haluska children") have filed a motion to dismiss the appeal, arguing that it is interlocutory and does not fall within any exceptions to the general rule that appeals may only be taken from final judgments. We agree and dismiss the appeal for want of jurisdiction.

This case arises out of a suit filed by the Haluska children against their father, appellant Dr. Glenn Haluska ("Glenn"), seeking to have him removed as trustee of two trusts created by their mother in her last will and testament. The Haluska children alleged that Glenn had breached his fiduciary duties owed as trustee. They sought to have Glenn removed, to be appointed as successor co-trustees, and to recover attorney's fees under the Texas Trust Code. The trial court signed an order "granting plaintiffs' motion for partial summary judgment," which removed Glenn as trustee and appointed the Haluska children as successor co-trustees. The order did not address

the Haluska children's claim for attorney's fees. Glenn filed a notice of accelerated appeal, stating that section 51.014(a)(1) of the civil practice and remedies code "authorizes an accelerated appeal from an interlocutory order 'appointing a trustee.'" *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(1) (West 2008). Several months later, the trial court held a hearing and heard argument from the parties about whether the Haluska children had improperly administered the trusts' accounts or had "shown an inability to administer financial matters." In response, the trial court signed another order appointing an "interim trustee."

The Haluska children contend in their motion to dismiss that they did not seek and the trial court did not grant summary judgment on their claim for attorney's fees and, therefore, an issue remains live in the trial court. They further argue that although section 51.014(a)(1) allows for an interlocutory appeal from an order appointing an original trustee, it does not permit an interlocutory appeal from an order appointing a *successor* trustee. Glenn responds that the order addressed the Haluska children's substantive claims, which sought his removal and their appointment. Because the only issue remaining is for attorney's fees, he argues, we should consider the trial court's order to be final and appealable. He further argues that even if the order is interlocutory, section 51.014 and the probate code allow for the appeal.

In *McNally v. Guevara*, the supreme court examined whether a document entitled "judgment," which granted the defendants' motion for summary judgment "in all things" and awarded costs against the plaintiff, should be considered final and appealable. 52 S.W.3d 195, 195-96 (Tex. 2001). The motion for summary judgment addressed only the defendants' counterclaim for an easement and did not address their claim for attorney's fees; the court's conclusion that the

2

defendants should prevail on their easement claim necessarily addressed the plaintiff's original claim. *See id.* The court stated that nothing in the judgment, other than the costs award, suggested that the trial court "intended to deny the defendants' claim for attorney's fees," and concluded, "[b]ecause the judgment does not appear final on its face, and because it did not dispose of the defendants' claim for attorney fees, it was not an appealable judgment." *Id.* at 196.

The order here is very similar. It is captioned, "Order Granting Plaintiffs' Motion for Partial Summary Judgment," it does not address the Haluska children's claim for attorney's fees, and does not contain any language showing that the trial court intended the order to be final and appealable. *See id.* We conclude that the order Glenn seeks to appeal is interlocutory, and thus can only be appealed if it falls within section 51.014 or another exception.[1]

Section 51.014(a)(1) allows for an interlocutory appeal from an order that "appoints a receiver or trustee." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a). Courts that have addressed the issue of whether this provision encompasses orders appointing successor receivers or trustees have concluded that it does not, reasoning that appellate courts must strictly construe statutes granting jurisdiction over interlocutory appeals. *See Epstein v. Hutchinson*, No. 01-03-00797-CV, 2004 Tex. App. LEXIS 6899, at *6 (Tex. App.—Houston [1st Dist.] July 23, 2004, pet. denied) (mem. op.) (citing *Ahmed v. Shimi Ventures, L.P.*, 99 S.W.3d 682, 688 (Tex. App.—Houston [1st Dist.] 2003, no pet.)); *In re Estate of Dillard*, No. 07-00-00504-CV, 2001 Tex. App. LEXIS 775, at *4 (Tex. App.—Amarillo Feb. 5, 2001, no pet.) (not designated for publication) ("Although the

---

[1] Our conclusion is further bolstered by the court's later order appointing an interim trustee to sort out whether the children had mismanaged the trusts since being named successor trustees.

appointment of a trustee is an appealable interlocutory order pursuant to section 51.014(a)(1), the grandchildren note that an order appointing a successor trustee, as here, is not appealable under section 51.014(a)."); *Swate v. Johnston*, 981 S.W.2d 923, 925 (Tex. App.—Houston [1st Dist.] 1998, no pet.) ("Texas courts have consistently held, when construing predecessor statutes with identical language, that an interlocutory order appointing a *successor* to a permanent receiver is not appealable.").[2] Thus, section 51.014(a)(1) does not bestow jurisdiction over this appeal.

Finally, we address Glenn's argument that this should be considered an appealable order because it disposes of all the issues in a particular phase of a probate proceeding. *See Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied) (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)). In most kinds of trial proceedings, there is only one final order or judgment rendered. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001). Probate proceedings are an exception to this general rule because a probate court must make a series of decisions throughout the administration of an estate. *See Logan*, 21 S.W.3d at 688. However, that exception does not apply here. First, this proceeding concerns the administration of trusts and could have been brought in the district court as well as the probate court. *See* Tex. Prop. Code Ann. § 115.001 (West Supp. 2011). Second, even if the probate exception applied to this cause, the orders

---

[2]   *See also First Nat'l Bank v. First State Bank*, 456 S.W.2d 173, 174 (Tex. Civ. App.—Texarkana 1970, writ dism'd) ("Two Texas Civil Appeals Courts, considering language in a predecessor statute that is identical with that of the first section of the present statute governing appeals from interlocutory orders in receivership proceeding, concluded an order appointing a successor to a permanent receiver is not appealable."); *Benningfield v. Benningfield*, 155 S.W.2d 827, 828 (Tex. Civ. App.—Austin 1941, no writ) ("the right of appeal is given to test the validity of the [original] order taking custody of the property by a receiver, not the propriety of the particular selection of the receiver so appointed").

in place have not disposed of all of the issues raised by the children. *See Logan*, 21 S.W.3d at 688. The children sought Glenn's removal, their appointment, and attorney's fees. As the case stands now, the trial court has removed Glenn and appointed an interim trustee, leaving the children named as trustees but without the actual authority to act as trustees; the issue of attorney's fees has not been addressed. Thus, even if the probate exception to the one-judgment rule applied here, the court has not rendered a judgment disposing of all of the issues raised in this "phase" of the proceeding. *See Caroom v. Coleman*, No. 03-10-00837-CV (Tex. App.—Austin July 22, 2011, n.p.h.). Thus, we may not exercise jurisdiction under the probate exception to the one-judgment rule.

Because the order is interlocutory, not final and appealable, and because section 51.014(a)(1) does not permit us to exercise jurisdiction from interlocutory appeals of orders appointing successor trustees or receivers, we must dismiss the appeal for want of jurisdiction.

_____

David Puryear, Justice

Before Justices Puryear, Henson and Goodwin

Dismissed for Want of Jurisdiction

Filed: January 24, 2012

5