

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RICHARD URBANOVSKY, Individually and as Trustee of the Urbanovsky Family Trusts, | § | |
| | § | No. 08-21-00182-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law of |
| FRANK URBANOVSKY, EDITH VICK, MARY L. SMITH, and THEODORE URBANOVSKY, | § | Hill County, Texas |
| | § | (TC# CV727-19CCL) |
| Appellees. | § | |

## MEMORANDUM OPINION ON ORDER

This appeal is before the Court on Appellees' motion to dismiss for lack of jurisdiction. Finding that the trial court's order dismissing the trustee and appointing a successor trustee is not appealable, we grant the motion and dismiss the appeal.

This case began as an action for an accounting and, if necessary, to remove Appellant as trustee of the family trusts.[1] The original petition sought damages for breach of fiduciary duties, waste, and attorney's fees. After a hearing, the trial court removed Appellant as trustee and

---

[1] The appeal was transferred to this Court from the Waco Court of Appeals as a part of the Texas Supreme Court's docket equalization efforts. We follow the precedents of the tenth court to the extent they might conflict with our own.

appointed a successor trustee in a single order. After entry of the order, but before the notice of appeal was filed, Appellees filed a First Amended Petition again alleging their cause of action for breach of fiduciary duty and raising additional claims of breach of trust and fraud. The First Amended Petition also sought damages and attorney's fees. Appellant appealed from the order removing Appellant and appointing a successor trustee, calling that order a final judgment.

In this Court, Appellees moved to dismiss for lack of jurisdiction, asserting this Court lacks jurisdiction because the trial court's order is not appealable because it is neither a final judgment nor an appealable interlocutory order. Appellant responded that the order has the same force and effect as a final judgment and is appealable. Appellant argues alternatively that the plain language of section 51.014 of the Texas Civil Practice and Remedies Code allows an appeal from an order appointing a trustee. We address those arguments in turn.

### *The trial court's order does not dispose of the case, thus is not a final judgment*

Appellate courts have jurisdiction over interlocutory appeals only when statutory authority creates an exception to the general rule that appeals may be taken only from final judgments. *Qwest Comm'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000) (per curiam); *Thomas v. Fitzgerald*, 166 S.W.3d 746, 747 (Tex.App.--Waco 2005, no pet.). "A judgment is final for purposes of appeal if it disposes of all pending parties and claims." *McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 283 (Tex. 2018). We examine both the language of the judgment and the record to determine whether the judgment has disposed of all parties and claims. *See id*.

The trial court's order removed Appellant as trustee, ordered Appellant to file a final accounting, and appointed a successor trustee. It did not address Appellees' claims for damages and attorney's fees, nor did it contain language suggesting that the trial court intended the order to

2

be final and appealable, but we know the language of an order may not be determinative. *See McFadin*, 539 S.W.3d at 283-84.

Our sister court in Austin has considered a case much like this one. In *Haluska v. Haluska-Rausch*, that court held that an order removing a trustee and appointing successor co-trustees was not a final order. *See Haluska v. Haluska-Rausch*, No. 03-11-00312-CV, 2012 WL 254639, at *2 (Tex.App.--Austin Jan. 24, 2012, no pet.) (mem. op.). The court noted that a claim for attorney's fees that had been before the court had not been addressed in the order. The court also noted there was no language in the order showing that the trial court intended the order to be final and appealable, and determined that the order was interlocutory. *Id.* at *1-2.

Appellant urges the order here is final, asking us to apply a "discrete issue" test discussed in *Huston v. F.D.I.C.*, 800 S.W.2d 845, 847 (Tex. 1990). *Huston* involved a bank receivership and held that an order, such as one holding that a receiver could not pay interest to bank creditors, disposes of a discrete issue within a particular part of the proceeding and is appealable. *Id*. at 846-47. The *Huston* court relied on precedent involving orders appealed during receiverships, noted that receiverships are often very long proceedings, and compared the order in that case to final orders in probate. *Id.* at 847-848.

The *Haluska* court, however, addressed and disposed of a similar argument, noting that proceedings involving the administration of trusts can be brought in the district court as well as probate court. *Haluska*, 2012 WL 254639, at *2, *citing* TEX.PROP.CODE ANN. § 115.001. That court also noted not all issues in this phase of the proceeding had been addressed, including attorney's fees. *Id.* Other courts have noted that probate proceedings and receiverships are narrow exceptions to the general rule that only one final judgment must be rendered in a case. *See* TEX.R.CIV.P. 301; *In re Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (per curiam) (probate and

guardianship proceedings are an exception to the one final judgment rule); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001) (some probate and receivership proceedings may have multiple final judgments).

Appellant has not pointed us to any precedent allowing the expansion of the probate and receivership exceptions to the one-final-judgment rule for trust proceedings, and we decline to do so. The trial court's order did not dispose of all the issues here; namely, it did not address damages sought nor attorney's fees. We find the reasoning in *Haluska* to be on point. The order in the trial court was not a final order.

### *No exception allows the appeal of this interlocutory order*

Section 51.014(a) provides a laundry list of statutory exceptions to the general rule that appeals are generally only permitted from final decrees and judgments. *See* TEX.CIV.PRAC.& REM.CODE ANN. § 51.014(a); *Indus. Specialists, LLC v. Blanchard Ref. Co.*, No. 20-0174, 2022 WL 2082236, at *2 (Tex. June 10, 2022) (also noting that the legislature has recently expanded the number of exceptions). Section 51.014(a) authorizes an interlocutory appeal of an order appointing a trustee, but it does not expressly authorize an appeal from an order removing a trustee. Section 51.014(a)(1) reads: "A person may appeal from an interlocutory order of a district court, county court at law, statutory probate court, or county court that appoints a receiver or trustee." TEX.CIV.PRAC.& REM.CODE ANN. § 51.014(a)(1) (internal subsection number removed). Appellant would have us apply that exception and grant jurisdiction under this statute.

Several courts have considered this argument and have determined that section 51.014(a)(1) applies only to initial orders appointing trustees, not orders appointing successor trustees. *See Clark*, 638 S.W.3d at 837; *Haluska*, 2012 WL 254639, at *2; *Matter of Guardianship of Tipps*, No. 05-14-01495, 2016 WL 1552007, at *2 (Tex.App.--Dallas Apr. 15, 2016, pet. denied)

4

(mem. op.); *Epstein v. Hutchinson*, No. 01-03-00797-CV, 2004 WL 1689685, at *2 (Tex.App.--Houston [1st Dist.] July 23, 2004, pet. denied) (mem. op.). Other courts have applied the same statutory subsection or its predecessor to determine that orders appointing successor receivers are not appealable. *First Nat'l Bank of Gilmer v. First State Bank of Hawkins*, 456 S.W.2d 173, 174 (Tex.App.--Texarkana 1970, writ dism'd); *American Nat'l Ins. Co. v. Valley Reservoir & Canal Co.*, 209 S.W. 438, 439 (Tex.App.--San Antonio 1919, writ ref'd); *McFarlane v. Greenameyer*, 199 S.W. 304, 305 (Tex.App.--Galveston 1917, no writ).

We agree with the reasoning of *Haluska* and these courts, noting that we must strictly construe statutes granting jurisdiction over interlocutory appeals, and determine that section 51.014(a)(1) does not allow appeal from an order appointing a successor trustee. *See Haluska*, 2012 WL 254639, at *2.

The trial court's order is interlocutory. Section 51.014(a)(1) does not allow for interlocutory appeal of an order appointing successor trustees. For these reasons, we grant Appellees' motion to dismiss and dismiss the appeal for want of jurisdiction.


JEFF ALLEY, Justice

October 21, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.