McFARLANE et al. v. GREENAMEYER et al.
(No. 7541.)

(Court of Civil Appeals of Texas. Galveston. Nov. 2, 1917. Rehearing Denied Dec. 20, 1917.)

APPEAL AND ERROR ☞101(1)—APPEAL FROM "ORDER" APPOINTING RECEIVER.

The order from which appeal is authorized by Vernon's Sayles' Ann. Civ. St. 1914, art. 2079, declaring that appeal shall lie from an interlocutory order appointing a receiver in a cause, provided it is taken within 20 days from entry of such order, is the order adjudging that the property be taken from the possession of defendant and appointing a receiver; and the removal of such receiver for disqualification, and appointment of a successor, does not extend the time for appeal from the first order, or authorize appeal from the order appointing the second receiver.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Order.]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Suit by A. G. Greenameyer and another against J. H. McFarlane and others. From an order, certain defendants appeal. Appeal dismissed.

E. P. & Otis K. Hamblen, of Houston, for appellants. L. A. Carlton, Woods & King, and John B. Warren, all of Houston, for appellees.

PLEASANTS, C. J. This appeal is from an interlocutory order of the district court of the Fifty-Fifth judicial district (Harris county) appointing T. H. Bass receiver of properties the title to which is in litigation in this suit. The record shows that the suit was filed on January 9, 1917, by appellees A. G. Greenameyer and Florence Robinson against J. H. McFarlane, C. F. Gydeson, and C. T. Rucker (who are appellants herein), and B. C. Armstrong. The purpose of the suit was to enforce specific performance of a written contract for the sale of an oil and mineral lease on a tract of land described therein and machinery and equipment situated on the land; a copy of the contract declared upon and inventory of the property being attached to the petition as an exhibit.

On January 9, 1917, the day the petition was filed, the judge of the court indorsed his order thereon that defendants be cited to appear before him at 8:30 a. m., January 11th, to show cause why the prayer for appointment of receiver made in plaintiff's petition should not be granted. On January 11th, the court, upon plaintiffs' application, contained in their petition, appointed S. H. Clarke as receiver in the cause, with the powers defined in the order of appointment, which order recited that Armstrong and Rucker had notice of the application, but that defendants McFarlane and Gydeson were out of the jurisdiction of the court. This order appointing Clarke receiver contains the following recitals:

"* * * And it further appearing from the petition and the evidence that the plaintiffs' interest in the property involved in this suit is certain, and at least probable, and that the said interest is being jeopardized and injured, and that it is necessary and proper that an abstract of title to said lease be obtained as per the agreement of the defendants herein, and that it be ascertained the amount of the indebtedness of the defendants which is a lien or claim of any kind against the property sold by the plaintiffs to the defendants, and that it is necessary that information be gathered as to the amount of oil run from said lease since the 20th day of April, 1916, and the amount for which it has been sold by the defendants, in order that a proper tender can be made by the plaintiffs herein, and the court is of the opinion, considering the nature and the character of the property involved herein, that there is an urgent necessity for the appointment of a receiver."

Thereafter the appellants herein filed their motion and supplemental motion praying for the discharge of receiver, but the court, upon the hearing of the same March 1, 1917, declined to discharge the receiver. No appeal was perfected from the judgment of date January 11, 1917, nor from the judgment, dated March 1, 1917. Thereafter, on June 7, 1917, the court sustained appellants' contest of the application of Receiver Clarke for an order to fix his allowance and compensation as such receiver. The application of Clarke as such receiver for compensation was filed May 8, 1917. The contest of appellants to such application was filed June 7, 1917, and in said contest the appellants raised the question of Clarke's qualification as such receiver. Upon such application and the contest filed by appellants thereto the court, on June 7th, entered its judgment and decree declining to allow its receiver compensation, and held that he was disqualified because he was not a qualified voter, and thereupon discharged Clarke as such receiver, and the hearing having been continued until June 9th the court thereupon appointed T. H. Bass as receiver of the properties. Among other things in said decree the court adjudicates:

"And it appearing to the court upon said date that the necessity for a receiver of the properties involved in this litigation, as was formerly adjudicated by an order of this court dated January 11, 1917, as the same was modified by the subsequent order of this court on the 1st day of March, 1917, still exists, and that jurisdiction and control of the properties involved in this litigation assumed under such order should be continued."

This appeal is prosecuted from the order appointing Bass receiver. The appeal was perfected by filing appeal bond on June 15, 1917.

Appellees have moved to dismiss the appeal on the ground that it is not based upon any complaint as to the qualification of Bass to act as such receiver, but is based solely upon the right of the court to appoint a receiver of the property upon the pleading and evidence, and since this question was

adjudicated in the order of January 11, 1917, appointing Clarke receiver, and again in the order of March 1, 1917, refusing to discharge Clarke and vacate the receivership, and the time in which an appeal from such adjudication had expired long prior to the time this appeal was taken, this court is without jurisdiction to hear and determine the question presented by this appeal. The decision of the question presented by the motion depends upon the proper construction of article 2079, Vernon's Sayles' Civil Statutes, which provides:

"An appeal shall lie from an interlocutory order of the district court appointing a receiver or trustee in any cause: Provided, such an appeal is taken within twenty days from the entry of such order."

We do not think this statute should be construed to authorize an appeal from a judgment or order of a court adjudicating the question of whether property in litigation should be taken into the custody of the court and administered by a receiver appointed by the court pending adjudication of the rights of the parties to the suit in the property, unless such appeal is taken within twenty days from the entry of such order. The appointment of a receiver necessarily follows the adjudication that the property of the defendant be taken into the custody of the court and is the means by which the actual custody is taken, though the property was in the potential custody of the court when it received and began consideration of the petition for a receivership. Railway Co. v. Lewis. 81 Tex. 1, 16 S. W. 647, 26 Am. St. Rep. 776; Riesner v. Railway Co., 89 Tex. 656, 36 S. W. 53, 33 L. R. A. 171, 59 Am. St. Rep. 84; Worden v. Pruter, 40 Tex. Civ. App. 118, 88 S. W. 434. The first order adjudging that the property be taken from the possession of the defendant and appointing Clarke receiver is the order from which the appeal is taken.

Appellants did not appeal from the original order of the court taking their property into its custody by its receiver, Clarke. Their right to appeal from that order, if the appeal had been taken within 20 days after the entry of the order, is unquestioned: and if the trial court was correct in holding that Clarke was disqualified, a question which it is unnecessary for us to decide, that fact did not extend the time in which they could appeal from the receivership adjudication to 20 days after the entry of the order removing Clarke and appointing his successor. The purpose of the statute is to grant speedy relief to a person whose property is wrongfully taken from his possession by the summary process of a receivership, but this relief is conditioned upon the prompt exercise by the defendant of his right of appeal in order that the right of plaintiff to a receivership may not be suspended longer than is necessary to have an adjudication of such right by the appellate court. It seems to us that the purpose of the statute would be defeated by the strictly literal construction contended for by appellants. We cannot bring ourselves to believe that it is the intention of the Legislature, in the enactment of this law, to give a right of appeal every time a receiver is appointed in the course of an administration of property by a court through a receivership. If, whenever a receiver dies, resigns, or is removed, or another is appointed to take his place, the parties can appeal from such appointment, the administration of the property by the court would be seriously embarrassed. Parties to suits in which a receivership has been granted have ample protection against any injury which may be caused by the appointment of a receiver who is disqualified to act as such, and the necessity for immediate appeal from such appointment is not apparent.

We think the motion to dismiss the appeal should be granted, and it has been so ordered.