## BENNINGFIELD et al. v. BENNINGFIELD.

### No. 9074.

Court of Civil Appeals of Texas. Austin.

Oct. 8, 1941.

Fred O. Jaye, of DeLeon, and Oscar Callaway, of Comanche, for appellants.

No briefs filed for appellee.

McCLENDON, Justice.

■ Appeal from an ex parte interlocutory order appointing a receiver. The original order appointing a receiver was signed by the judge and filed with the clerk on May 9, 1940; thereafter, on May 15, 1940, another order was entered reciting that the receiver so appointed had failed to qualify, and another receiver was named with the same powers and duties as in the original appointment. The appeal bond was filed June 1, 1940. In order to give this court jurisdiction the bond must be filed within twenty days after the order of appointment. R.C.S., Art. 2250, Subd. 1. This right of appeal is given only from the order of appointment, and therefore is limited to that order. The effect of the second order was merely a change of personnel. The original order was appealable from the moment of its entry, regardless of whether the designated receiver qualified or was removed. This is clearly the effect of the decisions in McFarlane v. Greenameyer, Tex.Civ.App., 199 S.W. 304, and American, etc., Ins. Co. v. Valley, etc., Canal Co., Tex.Civ.App., 209 S.W. 438, error refused. As pointed out by Chief Justice Pleasants in the former. of these cases, the right of appeal is given to test the validity of the order taking custody of the property by a receiver, not the propriety of the particular selection of the receiver so appointed. To quote [199 S.W. 305]: "We cannot bring ourselves to believe that it is the intention of the Legislature, in the enactment of this làw, to give a right of appeal every time a receiver is appointed

in the course of an administration of property by a court through a receivership. If, whenever a receiver dies, resigns, or is removed, or another is appointed to take his place, the parties can appeal from such appointment, the administration of the property by the court would be seriously embarrassed." Here the original order, which brought the property under administration by the court, was entered twenty-two days before the appeal bond was filed, and therefore did not confer jurisdiction upon this court.

The appeal is dismissed for want of jurisdiction.