Richard J. SCLAFANI, Appellant,

v.

Susan K. SCLAFANI, Appellee.

No. 01–93–00494–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 30, 1993.

Rehearing Overruled Feb. 10, 1994.

Edwin Fitzgerald, Huntsville, for appellant.

Jo Nelson, Houston, for appellee.

Before HEDGES, COHEN and MIRABAL, JJ.

## OPINION

HEDGES, Justice.

In this case, we must decide whether a party may appeal an order establishing a receivership approximately five years after the entry of the order. We hold that he may not and dismiss the appeal.

The appellant, Richard Sclafani (Richard), and the appellee, Susan Sclafani (Susan), were divorced in 1979.[1] Several years after their divorce, at Susan's request, the trial court appointed a receiver to sell certain real property. Richard now appeals under TEX. CIV.PRAC. & REM.CODE ANN. § 51.014(1) and (2) (Vernon Supp.1993), which authorizes appeals from certain interlocutory orders, complaining that the trial court erred in overruling his motion to set aside the receivership and in ordering the receiver to sell the property.

In point of error one, Richard contends that the trial court erred in overruling his motion to set aside receivership and in ordering the receiver to sell the property because Susan did not file an applicant's bond, in violation of TEX.R.CIV.P. 695a.[2] In point of error two, Richard asserts that the trial court erred in overruling his motion to set aside receivership and in ordering the receiv-

er to sell the property because the receivership "materially changes the terms" of the divorce decree. Susan contends that Richard's appeal was not timely filed under TEX. CIV.PRAC. & REM.CODE ANN. § 51.014(1) and (2) (Vernon Supp.1993).

Richard and Susan were divorced on August 6, 1979. On October 21, 1986, Susan filed a petition to appoint a receiver to sell the real property at issue. On November 12, Richard and Susan entered into an agreed temporary order stating that they would list the property for sale "immediately." The agreed temporary order was approved and signed by the trial court on February 16, 1987. For reasons not clear from the record, the property was not sold.

On September 21, 1987, Susan, alleging that the lack of a sale was due to delays caused by Richard, again moved the trial court to appoint a receiver to sell the property. On October 27, 1987, the trial court ordered that if the property "is not sold by March 29, 1988 ... Ted McMorrough is appointed Receiver to take charge and possession of" the property. The property was not sold by March 29.

On April 17, 1990, Susan moved the court to appoint a substitute receiver. In an order signed on August 10, the court reaffirmed that it was "of the opinion that proper grounds exist for the appointment of a receiver," removed McMorrough and appointed Lee Wiley as the new receiver. On August 5, 1991, Susan, dissatisfied with Wiley, moved the court to remove Wiley and appoint a new receiver. Wiley continued as the receiver. On February 12, 1993, Richard moved, for the first time, to set aside the receivership. He argued that the receivership changed the terms, set out in the divorce decree, under which the property would be sold. On May 4, 1993, the trial court, finding that the initial

---

1. Without intending any disrespect to the parties, for convenience and to avoid confusion, we shall refer to the parties by their first names.

2. That rule provides that "[n]o receiver shall be appointed with authority to take charge of property until the party applying therefor has filed with the clerk of the court a good and sufficient bond, to be approved by such clerk, payable to the defendant in the amount fixed by the court, conditioned for the payment of all damages and

cost in such suit, in case it should be decided that such receiver was wrongfully appointed to take charge of such property." TEX.R.CIV.P. 695a. We note that while this proceeding was pending in this Court, Susan filed an applicant's bond, making Richard's complaint about the lack of a bond moot. *O & G Carriers v. Smith Energy 1986,* 826 S.W.2d 703, 708 (Tex.App.—Houston [1st Dist.] 1992, no writ).

problems were not due to any fault of Wiley, ordered that Wiley would be kept as the receiver. In the same order, the court mandated that Wiley sell the property. In a separate order signed on the same date, the court denied Richard's motion to set aside the receivership. Richard perfected his appeal within 20 days after the trial court's order denying his motion was signed.[3]

**Section 51.014(1)**

■ Susan contends that Richard's appeal was untimely filed under section 51.014(1) of the Civil Practice and Remedies Code. That section provides:

A person may appeal from an interlocutory order of a district court, county court at law, or county court that:

(1) appoints a receiver[.]

TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(1) (Vernon Supp.1993). She argues that any appeal must have been brought within 20 days after the *original order appointing a receiver* was signed.

Because we have found no recent authority for Susan's contention, we are constrained to resort to mature case law for guidance. For example, in *McFarlane v. Greenameyer*, 199 S.W. 304 (Tex.Civ.App.—Galveston 1917, no writ), the trial court appointed Clarke as receiver on January 11, 1917. *Id.* No appeal was perfected from the trial court's order. *Id.* On June 7, the trial court removed Clarke as receiver, and two days later appointed Bass. *Id.* The appellants then perfected their appeal, complaining of the appointment of a receiver. *Id.* at 305.

The appellees moved to dismiss the appeal. 199 S.W. at 304. They argued that, because the question of the trial court's right to appoint a receiver was presented when the court signed the original order appointing a receiver, "and the time in which [to] appeal from such adjudication had expired long prior to the time this appeal was taken," the court of appeals should dismiss the appeal. *Id.* at 304–305.

The disposition of *McFarlane* was controlled by former article 2079 of the Texas Revised Civil Statutes, then in force, which provided:

An appeal shall lie from an interlocutory order of the district court appointing a receiver or trustee in any cause: Provided, such an appeal is taken within twenty days from the entry of such order.

199 S.W. at 305. The court interpreted the statute as follows:

We do not think this statute should be construed to authorize an appeal from a judgment or order of a court adjudicating the question of whether property in litigation should be taken into the custody of the court and administered by a receiver appointed by the court pending adjudication of the rights of the parties to the suit in the property, unless such appeal is taken within twenty days from the entry of such order....

The purpose of the statute is to grant speedy relief to a person whose property is wrongfully taken from his possession by the summary process of a receivership, but this relief is conditioned upon the prompt exercise by the defendant of his right of appeal in order that the right of plaintiff to a receivership may not be suspended longer than is necessary to have an adjudication of such right by the appellate court.... We cannot bring ourselves to believe that it is the intention of the Legislature, in the enactment of this law, to give a right of appeal every time a receiver is appointed in the course of an administration of property by a court through a receivership.

199 S.W. at 305. Noting that "Appellants did not appeal from the original order of the court taking their property into its custody by its receiver, Clarke," the court dismissed the appeal. *Id.*

In *Benningfield v. Benningfield*, 155 S.W.2d 827 (Tex.Civ.App.—Austin 1941, no writ), the Austin Court of Appeals reached the same result as the *McFarlane* court. In

**3.** Rule 42(a)(3) of the Texas Rules of Appellate Procedure provides that "[i]n all accelerated appeals from interlocutory orders ... the bond, or the notice or affidavit in lieu thereof, shall be filed, or the deposit in lieu of bond shall be made, within twenty days after the judgment or order is signed."

*Benningfield,* the original order appointing a receiver was signed on May 9, 1940. *Id.* On May 15, another receiver was named to replace the first one. *Id.*

The appellant filed the appeal bond on June 1. 155 S.W.2d at 827. Thus, the appeal bond was filed 22 days after the original order appointing a receiver was entered. *Id.* at 828. The court held:

> In order to give this court jurisdiction the bond must be filed within twenty days after the order of appointment. The right of appeal is given only from the order of appointment ... The original order was appealable from the moment of its entry.... [T]he original order, which brought the property under administration by the court, was entered twenty-two days before the appeal bond was filed, and therefore did not confer jurisdiction upon this court.

*Id.* at 827–28. The court dismissed the appeal. *Id.* at 828.

The right to appeal an interlocutory order appointing a receiver and the requirement that the appeal be brought within 20 days of the entry of the order, once embodied together in article 2079, are now found in separate authorities. The right to appeal given by that article was subsequently embodied in article 2250, and is now found in section 51.014(1). The 20–day requirement, later contained in TEX.R.CIV.P. 385, is now located in TEX.R.APP.P. 42(a)(3). Therefore, although the right to appeal and the 20–day requirement are now split between two separate authorities, both are still part of Texas law.

We agree with the reasoning expressed in *McFarlane* and *Benningfield.* We hold that the right to appeal granted by section 51.014(1), and controlled by rule 42(a)(3), is the right to appeal the *original* order of receivership, i.e., the order of receivership *itself,* and must be exercised within 20 days after the receivership order is entered. Richard's complaint on appeal, that a receivership *should not have been established in the first place,* has been waived because he raised it for the first time approximately five years after the trial court ordered its establishment.

■ A contrary holding would mean that a party could rightfully attempt to set aside an order of receivership in an appeal regardless of how long ago the receivership order was entered. The setting aside of an order of receivership has "the effect of nullifying all intervening acts of the receiver ... or, at least, of raising serious questions concerning the validity of such intervening acts." *Christie v. Lowrey,* 589 S.W.2d 870, 873 (Tex. Civ.App.—Dallas 1979, no writ). Allowing the vacation of a receivership at any time after its creation would work undue hardship on third parties who have dealt in good faith with the receiver. Furthermore, an unlimited time to appeal would mean that the order of receivership would *never* be beyond challenge, and thus never attain the finality upon which the parties, the receiver, and those who have transacted with the receiver, are entitled to depend.

■ We hold that Richard's appeal was not timely filed under section 51.014(1). We stress that Richard seeks to *set aside* the receivership, *not* to terminate it on the grounds that no necessity exists for its continuation. Richard styled his motion "Motion to Set Aside Receivership" and asks the Court to "vacat[e] the receivership." It is clear from the motion that vacation of the receivership is the specific relief he seeks. Had Richard sought to end the receivership because there is no necessity for it to continue, his remedy was to file a motion to terminate. *See Christie,* 589 S.W.2d at 871, 874. Such a motion is "one seeking to terminate the receivership ... without setting aside the court's previous order." *Id.* at 874.

## Section 51.014(2)

■ Susan also argues that Richard's appeal of the overruling of his motion to set aside the receivership is untimely filed under section 51.014(2) of the Civil Practice and Remedies Code. That section provides:

> A person may appeal from an interlocutory order of a district court, county court at law, or county court that:
>
> .    .    .    .    .

(2) overrules a motion to vacate an order that appoints a receiver[.]

TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(2) (Vernon Supp.1993).

This Court considered the same issue in *Lauraine v. First Nat'l Bank of Whitney*, 204 S.W. 1022 (Tex.Civ.App.—Galveston 1918, no writ). In *Lauraine*, the trial court, on December 26, 1908, appointed a receiver of all of the property belonging to Margaret and A.C. Allen. *Id.* at 1023. On June 7, 1915, Lauraine, the administrator of Margaret Allen's estate, moved to vacate the order appointing the receiver. *Id.* The court denied Lauraine's motion, which he did not appeal. *Id.* He later appealed the trial court's denial of a subsequent motion to vacate the receivership.

On appeal, Lauraine argued that the trial court had erred in overruling his motion to vacate because defects in the petition for receivership necessitated setting the receivership aside. 204 S.W. at 1025. The court of appeals noted that "[m]ere defects in the petition upon which the receiver was appointed would not render the receivership proceedings void," and that the argument that there were defects in the petition could have been urged by Lauraine in an appeal from the order appointing the receiver. *Id.* The court wrote:

> If an appellate court should revise a judgment of a trial court overruling a motion to vacate an order appointing a receiver made long after the receiver was appointed, and based upon objections which should have been made at the time the appointment was made, and which do not affect the jurisdiction of the court or render the order granting the receivership void, such ruling would, in effect, abrogate the statute which provides that an appeal from an interlocutory order appointing a receiver shall be taken within 20 days after the order is entered of record.

> It is clear that if a motion to vacate an order appointing a receiver upon the ground that error was committed in the proceedings, when the error complained of is not such as to render the proceedings void, can be entertained at any time, the order appointing a receiver would never become final and the statute which only gives 20 days in which to appeal from such order would be rendered nugatory and idle. We cannot believe the Legislature intended any such result in enacting the statute giving the right to appeal from an order overruling a motion to vacate an order appointing a receiver.

*Id.*

The court found two factors compelling: (1) the length of time between the order of receivership and Lauraine's motion to vacate the order; and (2) the potential damage to the rights of third parties:

> After all these years ... when rights of creditors who were induced to intervene in the receivership by the Allens for the adjudication of claims amounting to hundreds of thousands of dollars are dependent upon the validity of those proceedings, neither A.C. Allen nor the representative of the estate of Mrs. Allen will be heard to question the validity of the proceedings upon the ground of defects in the petition which do not affect the jurisdiction of the court.

204 S.W. at 1025. The court concluded that the failure to appeal within 20 days from the order appointing the receiver precluded Lauraine from attacking the trial court's refusal to vacate the receivership on the grounds that the petition for the appointment of a receiver was defective and that the order appointing the receiver was improvidently entered. *Id.*

■ In the case before us, Richard asserts two bases of error in his motion to vacate: (1) that the applicant, Susan, did not file an applicant's bond; and (2) that the receivership "materially changes the terms of the original Divorce Decree." Richard's motion to vacate, like the one in *Lauraine*, was (1) filed long after (approximately five years after) the receiver was appointed; (2) based upon objections that clearly could have been made at the time the appointment was made; and (3) based upon complaints that do not implicate the jurisdiction of the trial court or

raise the possibility that the order granting the receivership is void.[4]

We hold that, for these reasons, Richard has not perfected a timely appeal under section 51.014(2). A holding that Richard may bring his appeal under this section would produce the same result as a holding that Richard may bring his appeal under section 51.014(1): a party could attempt to set aside an order of receivership in an appeal no matter how long ago the order was entered. Such a holding would mean that, because of section 51.014(2), an order of receivership would *always* be susceptible to challenge by appeal, and thus never gain finality. We do not believe that the legislature intended section 51.014(2) to foster such a result.

A motion to vacate a receivership must be brought within 20 days of the order establishing the receivership. Once a receivership order is entered, a party opposed to the order may appeal the order directly, bringing his or her appeal within 20 days (consistent with section 51.014(1) and TEX.R.APP.P. 42(a)(3)). Alternatively, the party may first move the trial court to vacate its order, and then upon denial of the motion, appeal the motion's denial (consistent with section 51.014(2) and TEX.R.APP.P. 42(a)(3)). Should the party choose the second route, the requirement that he or she must move the court to vacate its order within 20 days is consistent with section 51.014(1) and rule 42(a)(3) in that it requires the challenge to the order to be brought within 20 days, and yet still allows what section 51.014(2) obviously intends: that the complaining party have the choice to present its complaint to the trial court first before proceeding with an appeal. This choice, however, as noted in *Lauraine*, was surely not meant by the legislature to be exercised at literally *any* time, no matter how long ago the order was entered and how much has happened in the meantime. Rather, a complaint to the trial court, like an appeal from an unsuccessful complaint, must be brought within a time that is consistent with the intent of section 51.014.

4. "An order appointing a receiver is void when the court lacks jurisdiction of the parties or subject matter. The fact that it was made improvidently, or issued on insufficient evidence, does not nullify an order appointing a receiver."

We dismiss this appeal for want of jurisdiction.

MIRABAL, J., dissenting.

MIRABAL, Justice, dissenting.

I dissent.

The majority dismisses this appeal for want of jurisdiction, holding that the appeal was not timely filed. I disagree.

The Civil Practice and Remedies Code specifically provides:

A person may appeal from an interlocutory order of a district court, county court at law, or county court that:

(1) appoints a receiver or trustee; [or]

(2) overrules a motion to vacate an order that appoints a receiver or trustee[.]

TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(1) and (2) (Vernon Supp.1993).

Appellant filed his motion seeking to vacate the receivership, the trial court overruled the motion, and appellant appealed from that order within the 20 days required for appeals from interlocutory orders by TEX. R.APP.P. 42(a)(3). By virtue of section 51.014(2) and rule 42(a)(3), we have jurisdiction of this appeal. We should reach the merits of the appeal and determine whether the trial court abused its discretion when it overruled appellant's motion seeking to vacate the order that appointed the receiver.

*Whitaker Oil Co. v. Ward*, 396 S.W.2d 158, 162 (Tex.Civ.App.—Tyler 1965, no writ). Where a trial court had jurisdiction of both the parties and the subject matter, the order appointing a receiver is not void. *Id.* That is the case here.