Opinion issued
January 6, 2011.



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-10-01076-CV

———————————

Wells fargo Bank, N.A. as Trustee for the Registered
Holders of Credit Suisse FirSt boston Mortgage Securities corp., Commercial
Mortgage Pass-through Certificates, Series 2005-C6, Acting by and through
Torchlight Loan Services, LLC as Special Servicer, Appellant

V.

JRK-Villages
at MeyerlaNd, LLC, Appellee



 



 

On Appeal from the 125th
District Court [1]

Harris County, Texas



Trial Court Case No. 2010-52279

 



 

MEMORANDUM OPINION

          Wells
Fargo Bank, N.A. appeals the trial court’s November 19, 2010 amended order
appointing a receiver.  JRK-Villages at
Meyerland, LLC moved to dismiss, asserting this Court lacks jurisdiction over
this appeal.  We dismiss for want of
jurisdiction.

Background

          Wells Fargo applied for a receiver alleging that JRK-Villages
had defaulted in making payments due under a promissory note.  The note is secured by a deed of trust for
the property at issue in this appeal, as well as a rent assignment.  Wells Fargo sought a receiver on the grounds
that the property was “in danger of being lost, removed, or materially
injured.”  The trial court appointed a
receiver on October 29, 2010.  In the
order appointing the receiver, the trial court ordered that a
nonjudicial foreclosure should occur in December 2010.  

          Wells
Fargo, dissatisfied with the December 2010 condition, moved to amend the order
appointing a receiver.  Specifically,
Wells Fargo asked for the trial court to delete or, alternatively, amend the
portion of the order requiring a sale in December, asserting that it was
insufficient time to conduct a proper sale and realize the best price on the
property.  The trial court granted
the motion and issued an amended order. 
The only change pertinent to this appeal is the change in the deadline
from December 2010 to February 1, 2011. 
Within 20 days of the amended order, Wells Fargo filed its notice of
appeal.

Jurisdiction

          “Appellate
courts have jurisdiction to consider immediate appeals of interlocutory orders
only if a statute expressly provides appellate jurisdiction.”  
Benefield v. State, 266 S.W.3d
25, 29 (Tex. App.—Houston [1st Dist.] 2008, no pet.).  Section 51.014(a)(1) authorizes an interlocutory appeal from an order that
“appoints a receiver or trustee.”  Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(1)
(Vernon 2008).  Texas courts
strictly construe statutes authorizing interlocutory appeals.  Benefield,
266 S.W.3d at 30.  

          Wells Fargo
is not appealing an order appointing a receiver.  Wells Fargo asked for the appointment of a
receiver, but appeals a condition the trial court imposed upon the
receiver.  Section 51.014(a) does not
address orders modifying or amending the terms of a receiver’s
appointment.  Construing section
51.014(a) strictly, as we must, we conclude we lack jurisdiction over this
appeal.  See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(1).

          Furthermore, this Court has held that section
51.014(a)(1) requires a party to appeal within 20 days of the original
order appointing a receiver.  Sclafani v. Sclafani, 870 S.W.2d 608,
611 (Tex. App.—Houston [1st Dist.] 1993, writ denied).    Id. 
More than 20
days passed from the order appointing a receiver before Wells Fargo appealed
the amended order.  Thus, the notice of
appeal was untimely.  See Tex. R. App. P.  26.1(b)
(stating notice of appeal in accelerated case must be filed within 20 days
after judgment or order); id. 28.1(a)
(stating appeals from interlocutory orders, when allowed, are accelerated).

Conclusion

          We grant
JRK-Villages’s motion and dismiss this cause for want of jurisdiction.

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel consists of
Justices Jennings, Higley, and Brown.

 











[1]           Counsel for Appellant: Charles Perry,
Jason Thelen, Andrews Kurth LLP

            Counsel
for Appellee: Millard Johnson, Johnson Deluca Kennedy & Kurisky, P.c.

            Trial
court Judge: Hon. Kyle Carter