**Dismissed and Memorandum Opinion filed August 16, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00849-CV

---

### ABIRA MEDICAL LABORATORIES, LLC DBA GENESIS DIAGNOSTICS, Appellant

### V.

### ST. JUDE MEDICAL SC, INC., MICHAEL DENNIS STEIN, TURNOVER RECEIVER, HOLOGIC, INC., AND KINGSBRIDGE HEALTHCARE FINANCE, A DIVISION OF KINGSBRIDGE HOLDINGS, LLC, Appellees

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1080417**

---

## M E M O R A N D U M   O P I N I O N

In this appeal, we hold that (1) this court lacks jurisdiction over appellant's challenge to a turnover order because the notice of appeal was untimely, (2) appellant's complaints about two of the appellees' interventions are moot, and (3) the turnover order is not void. Thus, we dismiss the appeal for lack of jurisdiction.

## I.  Background

The trial court signed a default judgment in favor of appellee St. Jude Medical SC, Inc. against defendants who are not parties to this appeal. On April 24, 2017, the trial court signed a turnover order and appointed appellee Michael Stein as a receiver. *See* Tex. Civ. Prac. & Rem. Code § 31.002(b). Appellant Abira Medical Laboratories, LLC DBA Genesis Diagnostics (Genesis) and two appellees—Hologic, Inc. and Kingsbridge Healthcare Finance, a Division of Kingsbridge Holdings LLC—filed pleas to intervene.

In September 2017, Genesis filed a motion to vacate the April 2017 order. The trial court denied the motion, and Genesis filed a notice of appeal within twenty days of the denial. Meanwhile, Genesis petitioned this court for a writ of mandamus challenging the interventions of Hologic and Kingsbridge and the trial court's order directing the receiver to make payments to Kingsbridge. *See In re Abira Med. Labs., LLC*, No. 14-17-00841-CV, 2018 WL 1004672, at \*1 (Tex. App.—Houston [14th Dist.] Feb. 22, 2018, orig. proceeding [mand. pending]) (mem. op.). This court conditionally granted the writ because the trial court lacked jurisdiction. *See id.* at \*5.[1]

## II.  No Jurisdiction Regarding Sufficiency of Turnover Order

In Genesis's first two issues on appeal, consistent with the motion to vacate, Genesis challenges the turnover order because (1) St. Jude "did not produce evidence in support of the application, thereby failing to demonstrate compliance with the elements required under [the turnover statute]"; and (2) the trial court bestowed "more power and rights upon the turnover receiver than is allowed under [the

---

[1] Hologic has petitioned the Texas Supreme Court for a writ of mandamus regarding this court's conditional grant of a writ to Genesis, and Genesis has petitioned this court for another writ of mandamus for different relief.

turnover statute].” The appellees contend that Genesis did not timely appeal from the turnover order, thus depriving this court of jurisdiction. *See, e.g.*, *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005) (court of appeals lacks jurisdiction if notice of appeal is untimely). In particular, Kingsbridge contends that the order appointing a receiver was a turnover order and thus a final order. Genesis contends, however, that it is appealing an interlocutory order denying a motion to vacate an order appointing a receiver. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(2) (“A person may appeal from an interlocutory order of a . . . county court at law . . . that . . . overrules a motion to vacate an order that appoints a receiver or trustee.”). We agree with Kingsbridge.

A turnover order is a final order even if it appoints a receiver. *Wilkins v. State Farm Mut. Auto. Ins. Co.*, 58 S.W.3d 176, 179–80 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (holding that a motion for new trial filed more than twenty days after the trial court signed an order appointing a receiver and for turnover extended appellate deadlines because the order was final, not interlocutory). A turnover order is final and appealable although it does not finally dispose of all parties and issues because a turnover order acts as a mandatory injunction. *See Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 386–87 (Tex. App.—Austin 2010, pet. denied) (holding that the appellant failed to timely appeal from the final turnover order, which also appointed a receiver); *see also Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., L.P.*, 540 S.W.3d 577, 582 (Tex. 2018) (per curiam).

Genesis does not dispute that the order appointing Stein as a receiver was a turnover order. In the April 24, 2017 order, the trial court orders the defendants to turnover assets to the receiver and to continue to do so “until the Judgment in this cause is fully paid and/or settled, including Receiver's fees,” and the court orders

the receiver to distribute all proceeds in excess of his fee to St. Jude's attorney "without the requirement of an Order therefore." This is a turnover order in the nature of a mandatory injunction. *Cf. Alexander Dubose*, 540 S.W.3d at 586–88 (order directing judgment debtor to deliver funds to judgment creditor was turnover order, but order directing judgment debtor to deposit funds into the registry of the court "pending a final adjudication of ownership" was not a turnover order); *Fischer v. Ramsey*, No. 01-14-00743-CV, 2016 WL 93512, at *2–3 (Tex. App.—Houston [1st Dist.] Jan. 7, 2016, no pet.) (mem. op.) (order titled "Order Requiring Turnover and Appointing a Receiver" that authorized receiver to take possession of property but did not order the defendant to take any action was not a turnover order because it was not injunctive).

Thus, Genesis's motion to vacate was a challenge to the final turnover order, which the trial court had signed about five months earlier. Genesis's notice of appeal was not timely to appeal the turnover order and to vest this court with jurisdiction. *See* Tex. R. App. P. 26.1 (generally, notice of appeal must be filed within thirty days); *see also Bahar*, 330 S.W.3d at 387 (holding that the appeal was untimely when it was a challenge to an amended turnover/receivership order that included, verbatim, a prior order's substantive provisions because the court of appeals' assertion of jurisdiction "would serve to improperly resurrect the unappealed, 'finally final' portions" of the earlier order).

Genesis's reliance on *Hernandez v. Ebrom*, 289 S.W.3d 316 (Tex. 2009), and *Brawley v. Huddleston*, No. 02-11-00358-CV, 2012 WL 6049013 (Tex. App.—Fort Worth Dec. 6, 2012, no pet.) (mem. op.), is unpersuasive because those cases involved the issue of whether a party could challenge an interlocutory order in a timely appeal from the final judgment. Here, Genesis did not timely appeal from a final order.

Genesis also relies on *CitiMortgage, Inc. v. Hubener*, 345 S.W.3d 193 (Tex. App.—Dallas 2011, no pet.), for the contention that "the deadlines for challenging a final order such as the April 24, 2017 Turnover Order should not apply" to a post-judgment intervenor like Genesis who was not a party at the time the trial court signed the order. But *Hubener* was an appeal from a final order denying a motion to dissolve a receivership, and the appellant conceded that its challenge to the original order appointing the receiver was untimely. *See id.* at 195 & n.5. Genesis does not contend on appeal that the receivership should be dissolved or terminated. Rather, in its first two issues on appeal, Genesis seeks to vacate the original turnover order—and therefore nullify all intervening acts of the receiver—based on defects that would not render the order void. *See Sclafani v. Sclafani*, 870 S.W.2d 608, 611–13 (Tex. App.—Houston [1st Dist.] 1993, writ denied).[2]

In sum, the trial court's April 24, 2017 order was final and appealable. Genesis did not timely appeal that order, and we lack jurisdiction over the first two issues in Genesis's appeal challenging the trial court's April 24, 2017 order.

## III. No Jurisdiction Regarding Complaints About Interventions

In its third, fourth, and fifth issues on appeal, Genesis complains about the trial court's allowing Hologic and Kingsbridge to intervene. These issues are moot and we lack jurisdiction over them because we have already conditionally granted mandamus relief to Genesis, holding that the trial court's orders granting the interventions and directing the receiver to pay Kingsbridge were void. *See In re Abira*, 2018 WL 1004672, at *5; *see also Briones v. Brazos Bend Villa Apartments*,

---

[2] Genesis *did* argue in the motion to vacate that the receivership was "ripe for closure" because Stein had already paid St. Jude the amount of its judgment. But Genesis has not assigned error to the trial court's failure to terminate or dissolve the receivership. We cannot reverse on unassigned error. *See Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) ("It is axiomatic that an appellate court cannot reverse a trial court's judgment absent properly assigned error.").

438 S.W.3d 808, 812 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("Appellate courts lack jurisdiction to decide moot controversies and render advisory opinions."); *In re H&R Block Fin. Advisors, Inc.*, 262 S.W.3d 896, 900 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) ("An issue may become moot when a party seeks a ruling on some matter which, when rendered, would not have any practical legal effect on a then-existing controversy.").

## IV. Turnover Order Not Void

Also within its fourth issue, Genesis contends that the turnover order is void because it is inconsistent with the final judgment. *See Harris Cty. Appraisal Dist. v. West*, 708 S.W.2d 893, 896–97 (Tex. App.—Houston [14th Dist.] 1986, orig. proceeding) (post-judgment enforcement orders that were inconsistent with the underlying final judgment were void). This court has jurisdiction to address Genesis's contention that the April 24, 2017 order is void. *See Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) ("[A]ppellate courts do not have jurisdiction to address the merits of appeals from void orders or judgments; rather, they have jurisdiction only to determine that the order or judgment underlying the appeal is void and make appropriate orders based on that determination.").

Genesis describes the alleged inconsistency as follows:

The trial court's Turnover Order is inconsistent with the final judgment in that the trial court used it as a basis for granting relief to non-parties who are not subjects to the final judgment issued in the underlying lawsuit. The trial court's Turnover Order is incompatible with the Turnover Statute because the Turnover Statute merely grants the Turnover Receiver the power to obtain non-exempt assets for the benefit of Plaintiff St. Jude, to sell those assets, and to pay off the judgment awarded to Plaintiff St. Jude, whereas the trial court has effectively used the Turnover Order to pay off non-parties holding judgments awarded by other courts. These actions on the part of the

trial court rendered the Turnover Order void by impermissibly extending the October 14, 2016 final judgment to non-parties.

This contention is meritless. Genesis points to nothing within the turnover order itself that is inconsistent with the final judgment. The turnover order does not refer to the non-parties Hologic and Kingsbridge; the non-parties had not filed their pleas to intervene at the time the trial court signed the turnover order. The turnover order contemplates exactly what Genesis contends it should do: it directs the defendants to pay the receiver "until the Judgment in this cause is fully paid and/or settled" and directs the receiver to pay the proceeds to St. Jude. The April 24, 2017 turnover order does not order the receiver to pay any sums to Hologic or Kingsbridge. The April 24, 2017 order is not void.

## V.    Conclusion

Because Genesis did not timely appeal the turnover order, this court lacks jurisdiction to address the merits of the turnover order. The turnover order is not void, and Genesis's complaints about the trial court allowing Hologic and Kingsbridge to intervene are moot.

Accordingly, the appeal is dismissed.


/s/    Ken Wise
Justice


Panel consists of Justices Christopher, Brown, and Wise.