**Opinion issued December 31, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00892-CV

———————————

## U. LAWRENCE BOZÉ, Appellant

## V.

## DR. RAYOLA CARTWRIGHT, Appellee

**On Appeal from the 129th District Court**
**Harris County, Texas**
**Trial Court Case No. 1999-51333**

## MEMORANDUM OPINION

Dr. Rayola Cartwright obtained a judgment against U. Lawrence Bozé in 2004 and then a turnover order and appointment of a receiver in 2015. Four years later, Cartwright moved to replace the first receiver, Eva Engelhart, with a substitute receiver, Lisa Watkins. Bozé opposed the motion, seeking to have

Engelhart discharged without Watkins being appointed, with the effect that the receivership "be closed." After a hearing, the trial court discharged Engelhart and appointed Watkins as substitute receiver "to serve under the terms of" the trial court's 2015 turnover and receivership order.

Bozé appealed, raising three issues. His first issue addresses the appellate jurisdiction of this Court, arguing that the trial court's order granting substitution of the receiver is final and appealable and, as such, provides this Court with appellate jurisdiction. Having addressed jurisdiction, Bozé's second and third issues seek to vacate the 2015 receivership.

Cartwright responded that there is no appellate jurisdiction to review Bozé's challenges to the 2015 rulings, as the time to appeal those rulings has long since passed.

In his reply brief, Bozé abandoned his second and third issues and argued that his first issue should be read to challenge the trial court's implicit denial of his implied motion to close the receivership.[1]

We dismiss the appeal for want of jurisdiction because (1) Bozé's first issue is an assertion of appellate jurisdiction and cannot reasonably be read to challenge any ruling by the trial court, (2) this Court does not have appellate jurisdiction to

---

[1] Because the appellate rules permit only three briefs—the appellant's opening brief, the appellee's brief, and the appellant's reply brief—we do not have a response from Cartwright to the arguments made in Bozé's reply brief. TEX. R. APP. P. 38.1–38.3.

review an order that substitutes a receiver, and (3) Bozé has abandoned his other two issues that sought to vacate the receivership.

## Background

Cartwright obtained a judgment against Bozé in 2004 for $40,300, plus a near equal amount in attorney's fees and pre- and post-judgment interest. In 2012, Cartwright applied for a turnover order and appointment of a receiver. Bozé opposed the motion, asserting that he did not have any non-exempt property to satisfy the judgment. The trial court denied Cartwright's application.

Cartwright moved again for a turnover order and appointment of a receiver in 2015. Bozé opposed the second motion as well.[2] After a hearing, the trial court entered an order granting turnover and appointing Eva Engelhart as receiver. Bozé filed a petition for writ of mandamus, and this Court denied it. *In re U. Lawrence Bozé*, No. 01-16-00157-CV, 2016 WL 3438252 (Tex. App.—Houston [1st Dist.] June 21, 2016, no pet.) (mem. op.). Bozé did not pursue a direct appeal.

In 2019, Engelhart moved to withdraw as receiver, and Cartwright moved for appointment of Lisa Watkins as a substitute receiver. Bozé filed a response that requested Engelhart be permitted to withdraw without appointment of Watkins as a

---

[2] At the same time, Bozé moved to strike some post-judgment deemed admissions. The record does not contain a ruling on his motion.

replacement. In other words, Bozé asked the trial court to grant Engelhart's motion and deny Cartwright's.[3]

At a November 2019 hearing, the trial court granted Cartwright's motion for appointment of Watkins as substituted receiver. The trial court's order discharged Engelhart as receiver and appointed Watkins as substitute receiver "to serve under the terms of" the Court's 2015 turnover order.

Bozé appealed.

## No Appellate Jurisdiction over
## Challenge to Appointment of Substitute Receiver

In his first issue, Bozé asserts that the trial court's November 2019 order discharging Engelhart and appointing Watkins as substitute receiver is a final and appealable order, establishing appellate jurisdiction in this Court to consider Bozé's challenges to the 2015 receivership raised in his second and third issues.

While there is interlocutory appellate jurisdiction over an order appointing a receiver, TEX. CIV. PRAC. & REM. CODE § 51.014(a)(1), there is no interlocutory appellate jurisdiction over an order appointing a successor receiver. *See Swate v. Johnston*, 981 S.W.2d 923, 925 (Tex. App.—Houston [1st Dist.] 1998, no pet.); *First Nat'l Bank of Gilmer v. First State Bank of Hawkins*, 456 S.W.2d 173, 174

---

[3]   Bozé's pleading described his request as follows, "Judgment Debtor . . . prays that the Motion to Substitute Receiver be in all things denied and moves that Eva S. Engelhart be withdrawn and discharged as the Court Ordered Receiver for this suit as she desires, and for other relief to which Judgment Debtor [may be] entitled."

4

(Tex. Civ. App.—Texarkana 1970, writ dism'd); *see also Benningfield v. Benningfield*, 155 S.W.2d 827, 827 (Tex. Civ. App.—Austin 1941, no writ) (stating that "the right of appeal is given to test the validity of the [original] order taking custody of the property by a receiver, not the propriety of the particular selection of the receiver so appointed").

We overrule Bozé's first issue, concluding that the order appointing a substitute receiver does not establish appellate jurisdiction. We consider next whether any other issue raised by Bozé is within our jurisdiction.

### Bozé's Second and Third Issues Abandoned

In his second and third issues, Bozé sought to vacate his receivership on the argument that the trial court abused its discretion back in 2015 when it denied his request to withdraw deemed admissions and granted the motion to establish a receivership without evidence. Cartwright responded that the 2015 rulings are not subject to appellate review through a challenge to the appointment of a substitute receiver. In his reply brief, Bozé abandoned both issues and stated that his appeal is limited to his first issue only.

Because Bozé's first issue was an assertion of appellate jurisdiction with no claim of error and his second and third issues have been abandoned, there are no remaining issues for resolution nor appellate jurisdiction to permit their review.

Before dismissing the appeal for a lack of jurisdiction, we must consider one final argument Bozé makes in his reply brief that raises the issue of briefing waiver.

## Briefing Waiver

In his reply brief, Bozé argues that his first issue was more than an attempt to establish appellate jurisdiction. He argues that his opening brief's discussion of his first issue, if liberally construed, can be read to challenge the trial court's implicit denial of his request that it grant Engelhart's motion to withdraw without also granting the appointment of her replacement. He notes that the effect of a withdrawal without a replacement would be an end of the receivership. Considering the effect, he argues that his first issue should be construed as a challenge to the denial of a motion to withdraw the receiver and thereby terminate the receivership.

We cannot agree that Bozé's first issue, as framed in the issue presented or argued in the brief, can be read to challenge any trial court ruling or assert any claim of error. The issue was one of jurisdiction only:

> Issue One: Whether the trial court's discharging Eva S. Engelhart as receiver in the underlying case and appointing Lisa White Watkins as the substitute receiver by Order Substituting Receiver signed by the trial court on November 11, 2019 to serve under the same terms of the trial court's November 9, 2015 Order Granting Turnover and Appointing Receiver was a final and appealable order.

6

The appellate rules do not permit Bozé, through a reply brief, to amend his issue to add a claim of error. TEX. R. APP. P. 38.1(i); *Cebcor Serv. Corp. v. Landscape Design & Constr., Inc.*, 270 S.W.3d 328, 334 (Tex. App.—Dallas 2008, no pet.) (party may not present arguments for first time in reply brief); *Howell v. Texas Workers' Comp. Comm'n*, 143 S.W.3d 416, 439 (Tex. App.—Austin 2004, pet. denied) ("The rules of appellate procedure do not allow an appellant to include in a reply brief a new issue in response to some matter pointed out in the appellee's brief but not raised by appellant's original brief.").

It would be particularly inappropriate to read into Bozé's first issue a claim of error that hinges on the result that might have been achieved if the trial court had ruled differently on motions filed by parties other than Bozé. It was Engelhart who moved to withdraw, and it was Cartwright who moved for appointment of a replacement. To the extent Bozé's pleading qualified as a motion, it merely requested particular rulings on those other two motions. Asserting as error the failure to rule appropriately on others' motions is a stretch; reading that claim of error into a jurisdiction argument is more than the appellate rules will allow. TEX. R. APP. P. 38.1(i).

Even if we were to read Bozé's first issue more broadly, we would conclude that we lack appellate jurisdiction over his challenge. In his briefing, Bozé confirms that he is seeking to have the receivership vacated:[4]

> Appellant contends by this appeal that the November 9, 2015 turnover order as modified should be vacated and reversed for reasons stated herein.

There is no appellate jurisdiction over a motion to vacate a receivership that is pursued years after the receivership's creation. *See Sclafani v. Sclafani*, 870 S.W.2d 608, 611 (Tex. App.—Houston [1st Dist.] 1993, no pet.) (stating that a motion to vacate a receivership must be brought within 20 days of the order establishing the receivership to confer appellate jurisdiction under Section 51.014(a)(2) of the Civil Practice and Remedies Code). Thus, to the extent Bozé's briefing can be read to include a claim of error in failing to vacate the four-year-old receivership, that claim comes too late for appellate jurisdiction to attach. *See id.*

---

[4] *See Sclafani v. Sclafani*, 870 S.W.2d 608, 611 (Tex. App.—Houston [1st Dist.] 1993, no pet.) (a motion to vacate a receivership seeks to void all actions taken during the pendency of the receivership and void the entire matter while a motion to terminate a receivership seeks to end it without affecting what occurred while the receivership was pending; appellate jurisdiction over the two is not the same).

**Conclusion**

We dismiss the appeal for lack of jurisdiction.


                                        Sarah Beth Landau
                                        Justice

Panel consists of Justices Goodman, Landau, and Adams.