In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00029-CV**

_____

**IN THE GUARDIANSHIP OF MARTHA ATELIA CLARKSON**

**On Appeal from the County Court at Law No. 2**
**Montgomery County, Texas**
**Trial Cause No. 22-43482-G**

**MEMORANDUM OPINION**

On January 23, 2023, Appellants Gavin Clarkson, GSCMAC, L.L.C., and 2005 Tower, L.L.C., filed a notice of appeal from four orders signed by the trial court. Three orders, all signed in August 2022, included an order appointing a receiver, an amended order appointing a different receiver, and an order denying a motion to reconsider the order appointing a receiver. The fourth order, signed in October 2022, modified the receivership.

In addition to the four orders mentioned in the notice of appeal, the trial court signed two other notable orders: in October 2022, the trial court signed an order

1

denying the motion to vacate the receivership; and, in November 2022, the trial court signed an order clarifying the October 2022 order modifying the receivership.

We questioned our jurisdiction upon receiving the notice of appeal. Appellants responded to our inquiry. Appellants argue they extended the timetable for perfecting an appeal by filing a motion for new trial on November 22, 2022, less than 30 days after the trial court signed the October 2022 order modifying the receivership. Derek Clarkson, Appellee, filed a motion to dismiss the appeal. He argues the orders are interlocutory and therefore subject to the time restraints that apply to an accelerated appeal. Additionally, he argues the orders that amended the initial order were not separately appealable even if the notice of appeal had been filed in a timely manner.

In Probate Code proceedings, "[i]f there is an express statute . . . declaring the phase of the probate proceedings to be final and appealable, that statute controls." *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995). "Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory." *Id*.

A person may appeal from an interlocutory order of a county court at law that appoints a receiver or overrules a motion to vacate an order that appoints a receiver. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(1), (2). A notice of appeal must

2

be filed within 20 days of the date on which the trial court signs the interlocutory order. *See* Tex. R. App. P. 26.1(b). When allowed by statute, appeals from interlocutory orders are accelerated, and filing "a motion for new trial, any other post-trial motion, or a request for findings of fact will not extend the time to perfect an accelerated appeal." *Id*. R. 28.1.

Here, the trial court's August 2022 order appointing a receiver was expressly appealable under section 51.014(a)(1) of the Civil Practice and Remedies Code. Appellants failed to perfect an appeal by filing a notice of appeal within the time permitted by the rule. *See* Tex. R. App. P. 26.1(b); 26.3. And even if we assume without deciding that the orders denying a motion to vacate the receivership could have been the subject of an accelerated appeal, Appellants likewise failed to perfect an accelerated appeal from either of the orders that denied a motion to vacate the receivership by filing a timely notice for an accelerated appeal.[1] Tex. R. App. P. 26.1(b). The August 2022 order modifying the receivership was not separately appealable under section 51.014(a)(1). *See Bozé v. Cartwright*, No. 01-19-00892-CV, 2020 Tex. App. LEXIS 10459, at *2 (Tex. App.—Houston [1st Dist.] Dec. 31, 2020, no pet.) (mem. op.). The October 2022 and November 2022 orders modifying

---

[1] Appellee contends orders were not appealable under section 51.014(a)(2) because Appellants' motion to reconsider the order appointing the receiver did not raise matters that could not have been presented in an appeal of the order appointing a receiver. *See Scalafani v. Scalafani*, 870 S.W.2d 608, 612-13 (Tex. App.—Houston [1st Dist.] 1993, writ denied).

the receivership merely modified the receiver's powers and did not end a discrete phase of the proceeding. *See Crowson,* 897 S.W.2d at 781-82.

We conclude that the trial court's October 2022 order modifying the receivership was an interlocutory order that did not conclude a discrete phase of the proceedings under the Probate Code. The motion for new trial that Appellants filed on November 22, 2022, did not extend the time to perfect an appeal. Accordingly, we grant Appellee's motion to dismiss, and we dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a); 43.2(e).

APPEAL DISMISSED.

PER CURIAM

Submitted on September 20, 2023
Opinion Delivered September 21, 2023

Before Golemon, C.J., Horton and Johnson, JJ.

4